## ROUGHTON *v.* RAWLINGS.

Where two persons, not stipulating that either shall not bid, agree verbally, without reducing the agreement to writing, that one or the other of them shall bid off, at an executor's sale about to take place at auction, a tract of land adjoining the premises of each of the parties respectively, and that the tract shall then be divided equally between them, each taking the half adjoining his own premises, the agreement is within the statute of frauds (Code, §1950), and is not, on the doctrine of trust, or on the ground of fraud and part performance, enforceable at the instance of the other against the party who bid off the property, and who, after paying his own money in full compliance with his bid, takes a conveyance from the executor to himself alone.

October 1, 1892. Argued at the last term.

Contract. Statute of frauds. Trust. Before Judge BOYNTON. Washington superior court. March term, 1891.

A demurrer to the equitable petition of Rawlings against Roughton was overruled, and the defendant excepted. The petition as amended alleged that one Jordan, as executor of Mrs. Pittman, sold at public outcry to the highest bidder for cash, in March, 1890, as the property of the testatrix, a certain described town lot of land, when the same was knocked off to Roughton for $395. The lot lies between the dwelling lot of pe-

titioner and the residence lot of Roughton, petitioner having bought the dwelling and lot where he now resides on the same day said lot was sold, and in consequence both petitioner and Roughton wanted the same. In view of this fact petitioner and Roughton came to an understanding and agreement whereby one or the other of them was to bid off said lot when it was sold, for them jointly, and then divide the same between themselves, Roughton taking the half of the lot next to his dwelling. In pursuance of this agreement, petitioner. relying thereon and relying on Roughton to buy the lot for petitioner and himself, did not bid on it, there being no agreement between them not to bid against each other, but to bid on the lot for the joint account of both. Roughton did bid off the lot and took the deed to the whole lot to himself individually, from the executor. When the lot was knocked off to Roughton, petitioner immediately approached the executor who sold it, in the presence and hearing of Roughton, and requested him to make a deed to petitioner to one half of the lot and to Roughton to the other half. The executor replied that he advertised and sold the lot as a whole, and would make a deed to the entire lot to Roughton, as he had bid it off, and then let him make a deed to petitioner to the half to which petitioner was entitled, if this would be agreeable to petitioner and Roughton. To this Roughton readily assented, and the deed to the whole lot was made to him with the distinct understanding that he was to convey to petitioner the half of the lot next to petitioner's residence. Petitioner tendered to Roughton, on the day after the sale, and at the very first opportunity, one half the price at which he bid off the lot at the sale, and requested him to convey to petitioner one half next to petitioner's lot, when he replied that he was not to make the deed to petitioner until petitioner was married and living there, which

petitioner denies was the agreement. Petitioner insisted on Roughton complying with the agreement between them, and on his making to petitioner a deed to the half of the lot next to petitioner's lot, which Roughton refused and still refuses to do, though petitioner has often requested him to do so, and tendered him half of the purchase money of the lot. Petitioner would have bid on and bought the whole of the lot had it not been for the agreement between him and Roughton, and he was prevented from bidding on and buying it in consequence of the agreement. He tenders to Roughton one half of the purchase price at which he bid off the lot, and has the same ready to be paid into court for Roughton. He submits that Roughton holds one half of the lot in trust for him, and is bound in equity and good conscience to make to him a deed to the half of the lot next to petitioner's residence lot. Roughton has been in possession of petitioner's half of the lot since March 5, 1890, and has received the rents and profits thereof of the annual value of $20.00. The prayer is, that Roughton be required to specifically perform the contract, and to convey to him the half of the lot next to petitioner's dwelling lot, and to account to him for the rents and profits, etc.

The demurrer was upon the grounds: The contract sought to be specifically performed is void under the statute of frauds, not being in writing; it is void as contrary to public policy, being an agreement to stifle and prevent bidding at a public executor's sale; it is deficient in mutuality, and is void for uncertainty.

BEVERLY D. EVANS, Jr., and RICHARD J. HARRIS, by J. H. LUMPKIN, for plaintiff in error.

HINES & FELDER and T. H. POTTER, *contra*.

BLECKLEY, Chief Justice.

The plaintiff has parted with nothing which he possessed or owned before. He has the same amount of

money and property, and has rendered no service nor caused any to be rendered. What he has missed by reason of the defendant's refusal to perform the verbal agreement is only the gain which he would have derived from the performance if the defendant had not violated his promise. The mere right to bid for the property at the executor's sale was not itself property, nor the subject-matter of bargain and sale. The non-exercise of that right by forbearing to bid was therefore not a consideration for the agreement which will take the case out of the statute of frauds by reason of part performance. According to the amended declaration, that right was not parted with by any stipulation in the agreement. Had he refused to perform, and had the other party asserted his right to have a specific performance, it might be that the latter, having changed his condition on the faith of the agreement and encumbered himself by the purchase with more property than he wanted, could allege this fact as a part performance, and on that ground successfully prosecute a suit. But as to the plaintiff. there is no such substantial change in his condition as will render it an actionable fraud upon him for the defendant to retain all the fruits of his purchase. The plaintiff simply misses the benefits of a parol agreement. just as did one of the parties in *Graham* v. *Theis*, 47 *Ga.* 479. By the code, §1950, any contract for the sale of lands, or any interest in or concerning them, must be in writing signed by the party to be charged therewith or some person by him lawfully authorized. This is a condensed statement of one of the provisions of the English statute of frauds, and may be taken as meaning the same as did the provision in that statute as it was understood prior to the adoption of the code. This being so, if the first head-note in *Chastain* v. *Smith*, 30 *Ga.* 96, be sound as applied to the facts of that case, there was in the present case a resulting trust, and no writing was.

necessary. But the facts in *Chastain* and *Smith* did not require the court to determine whether there was a resulting trust or not before Chastain contributed legal services in pursuance and on the faith of the agreement, of which services Smith, or rather the two Smiths, the other parties to the agreement, took the benefit. Strike this fact out of the case, and there would have been a very different question before the court from that on which the decision could be upheld with this fact in it. The case itself was decided correctly, but the reason suggested in the first head-note is not applicable to the facts as a whole, nor sustainable. Several cases decided by other courts are directly, or almost directly, in point. These are: Levy *v.* Brush, 45 N. Y. 589; Parsons *v.* Phelan, 134 Mass. 109; Farnham *v.* Clements, 51 Me. 426. And see Hook *v.* Turner, 22 Mo. 333. According to these cases, and we consider them sound, the facts before us did not raise any trust which a court of law or equity would recognize and enforce in the absence of written evidence to prove it. The code says: "All express trusts must be created or declared in writing." §2310. Both from the structure of the petition and the argument here, we take it for granted that the agreement sought to be enforced was in parol, and on that assumption we hold that it was within the statute of frauds, and that the court erred in not sustaining the demurrer to the petition.　　　　*Judgment reversed.*