## HALL *v.* EDWARDS.

1. An oral agreement between A and B to purchase a tract of land, whereby A is to pay for the land from the proceeds of a loan to be secured by him upon the joint security of a tract of land owned by him and the purchased tract, and take title to the purchased tract in his own name, and convey to B a half interest when he is reimbursed for the purchase-money from the rents, issues, and profits of the purchased tract, is deficient in mutuality and a nude pact.
2. If mutuality of contract and a consideration be supplied by a subsequent partial payment by B to A, the former, never having been in possession of the land, is not entitled to specific performance.
3. A resulting trust which arises solely from the payment of the purchase-price is not created, unless the purchase-money is paid either before or at the time of the purchase.

OCTOBER 15, 1913.

Equitable petition. Before Judge Walker. Warren superior court. October 8, 1912.

*John T. West* and *E. P. Davis,* for plaintiff in error.

*Hawes Cloud, P. B. Johnson,* and *M. L. Felts,* contra.

EVANS, P. J. Plaintiff and defendant orally agreed to buy a tract of land. Both being without funds, it was further agreed

that the defendant was to take title to the land in his own name, and, upon the security of the land purchased and another tract of land which belonged individually to the defendant, to borrow a sufficient sum to pay the purchase-price. The plaintiff was to move his sawmill on the land and manufacture lumber from the timber thereon for an agreed compensation, the net proceeds of which lumber was to be applied on the purchase-price of the land; and the defendant was to look after the farm on the land, and, after deducting the expenses, the net proceeds of the farm were also to be applied to the purchase-price. It was agreed that when the rents, issues, and profits amounted to the purchase-price, the land was to be divided between the parties, and the defendant was to make to the plaintiff a deed to a half interest. In pursuance of the agreement the defendant took the title to the land in his own name, and paid the entire purchase-money from the proceeds of a loan procured by him on the joint security of this tract and another tract owned by him. After the deed was made to the defendant the plaintiff moved his sawmill on the land and sawed 167,000 feet of lumber, which was turned over to the defendant to be used in payment of the sum borrowed, except about one fourth of the same, which was consumed in the expenses of operating the sawmill. The plaintiff also did certain repairing and building at a total cost of $75, and paid to the defendant the sum of $21.89 in cottonseed and $5 in cash. About nine years after the original transaction the plaintiff filed a petition against the defendant, alleging the foregoing facts, and that the rents, issues, and profits of the land had been sufficient to reimburse the defendant for the purchase-money; and praying an accounting from the defendant for all rents, issues, and profits of the land which may have come into his hands, for partition, and for other relief. The court overruled a demurrer to the petition, and the defendant excepted.

The contract between the plaintiff and the defendant was a nudum pactum. It amounted to no more than that the defendant was to secure the money from the hypothecation of his own land, together with the tract to be purchased, and, after the rents, issues, and profits amounted to the purchase-money, that the defendant was to make the plaintiff a deed to a half interest. The defendant did not advance any part of the purchase-money. He was to be compensated for manufacturing the timber into lumber, the pro-

ceeds of which were to be applied to the purchase-price of the land. He furnished absolutely no part of the consideration. Such a contract is deficient in mutuality, and is a nude pact. *Beall* v. *Clark,* 71 *Ga.* 818. The plaintiff's case is no better than if he had alleged that the defendant promised to convey to him a half interest in a certain plantation belonging to the latter as soon as the rents, issues, and profits thereof should amount to a sum agreed to be the value of the plantation. A promise like this is a pure gratuity.

If it be considered that mutuality and a consideration were supplied by the subsequent payments, then the contract will not be decreed to be specifically performed, because it rests in parol. The statute declares that specific performance of a parol contract as to land will not be decreed on account of partial payment, unless such partial payment is accompanied with possession of the land by the party making it, or there be possession of the land with valuable improvements. Civil Code (1910), § 4634. The plaintiff does not contend that he is in possession of the land.

It is contended, however, inasmuch as the plaintiff paid to the defendant certain sums of money and did certain work upon the land after the title became vested in the defendant, under an agreement that the balance of the purchase-money was to be received from the rents, issues, and profits, that upon an accumulation of an amount sufficient to reimburse the defendant a resulting trust arose. We do not think so. The code declares that whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money, or other circumstances, is either wholly or partly in another, a trust will be implied. Civil Code (1910), § 3739. A resulting trust which arises solely from the payment of the purchase-price is not created, unless the purchase-money is paid either before or at the time of the purchase. Trusts implied from the payment of the purchase-money or a part thereof must result, if at all, at the time of the execution of the conveyance. Long *v.* King, 117 Ala. 423 (23 So. 534); Butterfield *v.* Butterfield, 79 Ark. 164 (95 S. W. 146, 9 Ann. Cas. 248); Keith *v.* Miller, 174 Ill. 64 (51 N. E. 151); Harris *v.* Elliott, 45 W. Va. 245 (32 S. E. 176).

The invalidity of the contract and the insufficiency of the petition were set up by demurrer, and the court erred in refusing to dismiss the petition. *Judgment reversed. All the Justices concur.*