## HOUSTON *v.* FARLEY *et al.*

Two persons orally agreed that one of them should be the purchaser of land at an administrator's sale, and that when he received the deed he would, upon payment to him by the other of a certain sum in cash, and the delivery of certain notes for stated amounts payable at stated times in the future, bearing interest from date (the cash payment and the principal of the notes aggregating a sum equal to the purchase-price of the land) execute a bond conditioned to convey the land to the obligee on payment of the notes. The purchaser having refused to comply with his contract on tender of the cash payment and the notes, the other brought a petition for specific performance. *Held,* that equity will not decree specific performance, the agreement being within the statute of frauds. The defendant did not hold the land as trustee, nor was there any resulting trust.

No. 123. MAY 17, 1917.

Petition for specific performance. Before Judge Searcy. Upson superior court. December 9, 1916.

W. R. Houston and L. F. Farley entered into a verbal contract that Farley was to attend an administrator's sale and purchase thereat a described lot of land if it should sell for less than $2,000, and, if the land was purchased, to take title to himself and execute to Houston a bond conditioned to make or cause to be made to him good and sufficient title to the property purchased, upon his compliance with certain conditions, namely, the payment in cash of the sum of $100 and the giving of his notes to Farley for the balance due, as follows: One hundred dollars in twelve months

and the balance to become due two years from the date of the contract of purchase, the deferred payments bearing interest at the rate of eight per cent. per annum. The property was purchased by Farley for $1441, and the administrator made a deed to him. On the next day Houston tendered to Farley $100 in cash and offered to deliver his promissory notes in accordance with the stipulations of the contract, and demanded a bond for title in compliance with their contract. Farley refused to execute a bond for title and thereafter sold the property to one Andrews, who was alleged to have purchased with the full knowledge of Houston's right. Upon these allegations Houston prays specific performance of the parol contract with Farley, against the defendants. The court dismissed the petition on demurrer.

Claude Worrill, for plaintiff.  J. R. Davis, for defendants.

EVANS, P. J. (After stating the foregoing facts.) A ground of the demurrer raises the point that the oral contract of which specific performance is sought.is within the statute of frauds. The plaintiff contends that the statute does not apply to a case as alleged in the petition. He bases such contention on the dictum of the first headnote in the case of Chastain v. Smith, 30 Ga. 96, that "Where one person agrees, as agent, to buy land for another as his principal, and does buy it, but takes the title in his own name, this title in his hands stands affected with a resulting trust for the benefit of the principal by operation of law, and the case is not within the statute of frauds, resulting trusts being expressly excepted from the operation of the statute." In discussing this ruling, Bleckley, C. J., said, in Roughton v. Rawlings, 88 Ga. 819 (16 S. E. 89) : "But the facts in Chastain v. Smith did not require the court to determine whether there was a resulting trust or not. . . Strike this fact out of the case, and there would have been a very different question before the court from that on which the decision could be upheld with this fact in it. The case itself was decided correctly, but the reason suggested in the first headnote is not applicable to the facts as a whole, nor sustainable." There is a clear distinction between cases where equity will enforce a trust at the instance of a principal against his agent who, being commissioned to buy a piece of property, does buy it and takes title in his own name, and cases where a trust results solely by operation of law. In the former case the agent will be compelled

to transfer to the principal the benefit of his contract, upon repayment of the purchase-money and necessary expenses. *Forlaw* v. *Augusta Naval Stores Co.,* 124 *Ga.* 261 (6), 262 (52 S. E. 898). A resulting trust which arises solely from the payment of the purchase-price is not created unless the purchase-money is paid either before or at the time of the purchase. *Hall* v. *Edwards,* 140 *Ga.* 765 (79 S. E. 852). When the person who sets up a resulting trust has in fact paid no part of the purchase-money, he will not be allowed, under the statute of frauds, to show by parol that the purchase was made for his benefit. No resulting trust can arise from the payment of money after the purchase has been completed. The plaintiff is not contending that the defendant was to purchase the property in the plaintiff's name, but that the defendant, having purchased the land, would sell it to him on credit according to stipulated terms. Such a contract is within the statute of frauds, which requires every contract for the sale of lands or any interest in or concerning them to be in writing and signed by the party to be charged therewith or some person by him duly authorized. Nor is such contract, under the allegations of the petition, enforceable on the doctrine of trust, or on the ground of fraud and part performance. *Roughton* v. *Rawlings,* supra; *Lyons* v. *Bass,* 108 *Ga.* 573 (34 S. E. 721).

*Judgment affirmed. All the Justices concur.*