### Gales *v.* Stokeley *et al.*

GILBERT, J. 1. A resulting or implied trust which arises solely from the payment of the purchase-price of land is not created, unless the purchase-money is paid either before or at the time of the purchase. Trusts implied from the payment of the purchase-money or a part thereof must result, if at all, at the time of the execution of the conveyance, where there is, in obtaining such conveyance, no fraud or concealment to the injury of the person paying such purchase-money.

*Hall* v. *Edwards*, 140 *Ga.* 765, 767 (79 S. E. 852), and authorities cited, and see *Houston* v. *Farley*, 146 *Ga.* 822, 824 (92 S. E. 635).

2. Accordingly, under the facts alleged, the court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

No. 2306. JULY 14, 1921.

Equitable petition. Before Judge Hodges. Oglethorpe superior court. September 21, 1920.

The petition makes substantially the following allegations: Prior to April 3, 1879, William Alexander contracted to purchase a certain tract of land, but, because of advancing age and feeble health, he was unable to perform the obligations of the contract. A parol agreement was made between Alexander and his children and stepchildren, whereby his children and stepchildren were to become substituted as purchasers and were to live upon and work the land and pay for the same with the proceeds of their labor, and were each to have an equal undivided interest. For convenience, title was to be taken in the name of the two stepsons, Howard and Jerry White, who were the only male members of the family that were of age. Under the arrangement these two were to have the management of the place. Pursuant to this agreement a sum sufficient to discharge the purchase-money was borrowed upon security of the land, and title to the same was taken in the name of the two stepsons of Alexander, on June 3, 1882. Pursuant to the above-mentioned agreement the two stepsons and the children of Alexander (including petitioner) entered into possession of the land. On or about January 22, 1901, Jerry White sold his entire interest in the land to Howard White. Petitioner has lived continuously upon and been in possession of a portion of said land. Through the labor of herself, her children, and other persons under her control, and by the delivery to Howard and Jerry White of certain cotton, cottonseed, and corn and the payment of certain sums of money, she contributed toward the payment of the purchase-price at least one hundred dollars per annum from the date of the above-mentioned agreement up to and including the year 1917. Through the sale of portions of the property and the application of various amounts, which were largely the proceeds of contributions made by petitioner, payment of the purchase-price was completed shortly prior to the death of Howard White, which occurred in 1917. Howard White always admitted and recognized petitioner's interest in said property, and often

stated to petitioner and others that he would make a legal provision which would protect the rights of petitioner and establish her interest in the property, and during his last illness he promised petitioner and stated to others that he would make a will which would adequately protect her rights, and would devise to her such portion of the property as would compensate her for the contributions made by her; but he died without having made this provision and without having accounted to petitioner for the contributions made by her. Petitioner is illiterate, and, being unable to read or write, she trusted fully to Howard White to perform his obligations to her, and did not take from him any receipts, contracts, statements in writing, or other paper evidencing her interest in said land. There has been no administration upon his estate, but his widow and sole heir, Igenia White, has taken possession of all his property and has arranged to sell to Stokeley the property in which petitioner claims an interest. Stokeley has acted with knowledge of petitioner's rights in the premises, and a sale of said property would render the estate of White insolvent. The prayers are, for injunction to restrain the carrying out of the proposed sale or other change in the status of the property; for decree establishing the title of petitioner to one eighth undivided interest in said land, and fixing the amount of the value of all contributions made and payments rendered by petitioner to Howard and Jerry White, and that the judgment therefor be declared to be a special lien against the property mentioned and all other property belonging to the estate of Howard White; that Howard White be declared to have been a trustee of all of said property for petitioner, subject to be discharged by the conveyance of a one eighth undivided interest and the payment to her in money of the balance contributed by her over her proportionate share of the purchase-price; that all of said propety be sold, and distribution of the proceeds be made to petitioner in accordance with the equitable interests and priorities found and decreed in her favor and to the other persons who may be found to have interests therein; for the appointment of receiver to preserve the status of the property; for general relief and process. There were other allegations and prayers relating to other parties, but these could not be material unless the petition set out a cause of action against Igenia White.

The petition was demurred to generally upon the grounds:

(*a*) want of equity; (*b*) it fails to set forth a cause of action; (*c*) the action set forth is based upon a stale demand, and petitioner's rights, if she ever had any, are barred by gross laches and long delay in asserting them; (*d*) the facts and circumstances alleged are insufficient in equity to raise or create an implied trust; (*e*) the petition seeks, by an alleged parol agreement, to engraft upon an absolute and unconditional deed an express trust;. (*f*) it does not appear how much or what part of the purchase-price of said lands petitioner contributed in labor and money, and it is impossible for the court to determine what interest she would be entitled to recover; (*g*) it affirmatively appears that no part of the purchase-price of the lands in question was paid or contributed by petitioner at the time of or before the execution of the deed from the original vendor to Howard and Jerry White, and that the said lands were not purchased or paid for with money, labor, or other things of value contributed by the plaintiff. The demurrer was sustained and the petition dismissed, because of which exception was taken by the plaintiff.

*Phil W. Davis Jr.*, for plaintiff.

*W. W. Armistead, Hamilton McWhorter Jr.*, and *Tutt & Brown*, for defendants.