## TANNER *et al.*, administrators, *v.* HINSON.

1. In an equitable action for cancellation of a deed· and for the enforcement of an implied trust in favor of the plaintiff against her husband and his vendee with notice of the trust, upon the death of the latter, and upon a rule calling upon his administrators to show cause why they should not be made parties in lieu of their intestate, they are not exempt from being made such parties for the space of twelve months from the grant of their letters of administration.

2. (2, 3, ·4, 5, 6, 7) None of the instructions to the jury, of which the defendants complain, and which are dealt with seriatim in the opinion, require a new trial.

3. (8) The court did not err in refusing to continue or postpone the case on the motion of the defendants.

4. (9) The assignments of error in the eleventh ground ·of the amendment to the motion for new trial ˙are too general and indefinite to present any question for decision by this court.

5. This case being for decision by a full bench of six Justices, who are equally divided upon the question whether the court below erred in the· rulings complained of in the seventh, eighth, and ninth grounds of the motion for new trial, Russell, C. J., Beck, P. J., and Hines, J., being of the opinion that the court below did not err in said rulings, and Atkinson, Hill, and Gilbert, JJ., being of the contrary opinion, the judgment of the court below stands affirmed by operation of law as to these questions. ˙ ˙

6. (10) The verdict is supported by the evidence.

No. 3339. MAY 17, 1923. ADHERED TO ON REHEARING, JULY 20, 1923.

Equitable petition.   Before Judge Highsmith.   Jeff Davis superior court.   June 17, 1923.

On December, 31, 1914, the defendant in error, Mary Jane Hinson, filed her petition praying for cancellation, specific performance and injunction, and praying that title be decreed in her to all of lot of land No. 161 in the first district of Jeff Davis County, Georgia, containing 490 acres, and also to 150 acres of lot of land No. 249, known as the Graham place, in the same district and county.   She alleged, that she entered into an agreement with her husband, Elias Hinson, in 1872, to pay to Jasper Hand, then the owner of said land, $400 for lot ˙of land No. 161; that she did pay for said land, from her own separate estate, said amount of $400 to Jasper Hand; that in the year 1872 she with her husband

entered upon said 490 acres of land after she had paid for the same; that on Oct. 23, 1901, she purchased 150 acres of lot of land No. 249 from Delia A. Graham for $400, which sum she herself paid to Delia A. Graham; that after she had paid this money she sent her husband, Elias Hinson, to see about getting the deeds made to her, conveying to her the 150 acres of land, but her husband, instead of having the deeds made to her, had the deeds made to himself; that she did not, until just before the suit was filed, ascertain that the deeds to the 150 acres of land were not made to herself as she had directed; that the said land was held by Elias Hinson in trust for her; and that for these reasons she is entitled to specific performance and cancellation. She attached as an exhibit to her pleadings a copy of a deed made by her husband, Elias Hinson, dated Oct. 29, 1913, conveying, for a consideration of $50,936, the lands described in her petition and other lands to B. H. Tanner, which deed she seeks to have canceled. Elias Hinson, filed no defense and made no appearance in court to answer the suit.

On Feb. 25, 1915, B. H. Tanner filed his plea and answer, in which he denied the allegations of the plaintiff's petition, and alleged that he purchased the land described in the petition and other lands from Elias Hinson; that he had no knowledge of any claim or equity held in said land by the plaintiff; that Elias Hinson, prior to conveying said lands to him, had exercised acts of ownership for a long period of time over said lands; that he had mortgaged said lands to Tanner, had contracted liens thereon, and had conveyed to Tanner the turpentine and timber growing thereon; and that at the time the lands were so conveyed Tanner executed and delivered to the wife of Elias Hinson an option wherein it was agreed and contracted that said Mary Jane Hinson should have the right to purchase said lands upon complying with the terms and conditions set out in said option.

At the September term, 1921, the defendants filed an amendment to their answer, praying for the writ of possession; and another amendment setting up that the plaintiff's cause of action was a stale demand in equity, and that she was barred from recovery by her laches, in failing to assert her equitable rights, if any she had, for such a long time. B. H. Tanner further set up that when he bought certain lands from the husband, including those in dis-

pute in this case, in payment of a debt of the husband secured by a mortgage on these lands, and in consideration of the further payment of approximately $14,000 in cash, the wife knew that he was about to buy these lands from her husband, and wholly failed to disclose to him her claim of title to the lands in dispute; for which reason she was estopped from asserting her claim of title to said lands.

On Aug. 30, 1921, the plaintiff filed a petition alleging that B. H. Tanner, one of the defendants, was dead, and praying that his administrators, Eli Tanner and E. L. Tanner, be made parties to the action. The administrators of B. H. Tanner filed a demurrer and objected to being made parties, on the ground that twelve months had not expired since the death of their intestate and since their appointment as administrators on his estate. At the September term, 1921, the court overruled this demurrer, and over the objection of the administrators passed an order making Eli Tanner and E. L. Tanner, administrators, parties defendant, and ruled the case to trial; to which ruling the defendants filed exceptions pendente lite. The case was tried, and a verdict and decree was returned in favor of the plaintiff. The defendants made a motion for new trial, which was overruled, to which judgment defendants excepted.

*Quincey & Quincey, S. D. Dell, Dickerson & Kelley,* and *Little, Powell, Smith & Goldstein,* for plaintiff in error.

*J. C. Bennett, J. H. Thomas,* and *Gordon Knox,* contra.

HINES, J. (After stating the foregoing facts.)

1. B. H. Tanner, one of the original defendants, died. On Aug. 30, 1921, the plaintiff filed her petition in the cause, setting up this fact, and the fact that Eli Tanner and E. L. Tanner had been appointed, and had duly qualified, as the administrators of said defendant. She prayed the court to grant a rule nisi calling upon the administrators to show cause why they should not be made parties defendant in lieu of their deceased intestate. In answer to said rule the administrators set up that letters of administration on the estate of the intestate had been granted to them on March 8, 1921, and that twelve months had not expired since then, for which reason the proceeding to make them parties was premature, as they could not be made parties to this action until after the expiration of twelve months. The court overruled their

objection to being made parties at that time; and error is assigned upon this ruling.

There are two methods by which the executor or administrator of a dead defendant can be made a party in his stead. One is by scire facias, which can only issue after the expiration of twelve months from the probate of the will, or the grant of letters of administration. Civil Code (1910), § 5599. The other is by a rule nisi. §§ 5601, 5602. In *Ham* v. *Robinson,* 146 *Ga.* 442 (91 S. E. 483), this court said: "Inasmuch as the statute (Civil Code, § 4015) exempts an administrator or executor (Civil Code, § 3892) from suit for twelve months after his qualification, and the procedure to make parties by scire facias permits the plaintiff to proceed after the expiration of twelve months from the probate of the will or the granting of letters of administration, it would seem that if the course authorized by sections 5601 and 5602 be pursued, the motion should be made after the twelve months has expired." In that case the action against the decedent was on debt; and the above ruling must be considered and construed in view of the nature of the action involved in that case. As the action in that case was on debt, and as the administrator had an exemption of twelve months from such suit, if it had originally been brought against him, and an exemption of the same period from a proceeding by scire facias to make him a party to such suit, originally brought against his intestate, this court properly held that in such an action the administrator had a like exemption from a proceeding by rule to make him a party in the place of his intestate. But the exemption of twelve months applies only to "a suit to recover a debt due by the decedent." Civil Code (1910), § 4015. Accordingly, this court has held that this exemption did not exist where a suit was brought against the administrator to cancel a deed made by his intestate (*Lanfair* v. *Thompson,* 112 *Ga.* 487, 37 S. E. 717), nor where an equitable action was brought against an administrator for specific performance of a contract for the sale of land, made by his intestate. *Redford* v. *Lloyd,* 147 *Ga.* 145 (93 S. E. 296). If an original suit for cancellation, or one for specific performance, can be brought against an administrator within twelve months from his appointment, we see no reason why he can not be made a party to such suit, originally brought against his intestate, within the

twelve months. So the court did not err in making the adminis-
trators parties defendant to this case, in the place of their in-
testate, within twelve months from the grant of administration.

2. Exception is taken by movants to this charge: "It so hap-
pens in this case, gentlemen, that the court has copy of a charge
heretofore delivered; and, upon looking over it, it seems to present
the issues made in the case; and the court will utilize this and
therefore read the charge to you instead of delivering it to you
in the customary way. I apprehend that it will be quite as in-
telligible to you and as well understood by you." Error is as-
signed on this instruction: (*a*) because this was the second trial
of this case in which a verdict was rendered for the plaintiff, and
this charge contained an instruction which tended to lead the jury
to believe that it was proper that the same verdict should again be
rendered; and (*b*) because said charge stated to the jury that it
was a copy of a charge heretofore delivered, from which the jury
must have known, by the manner in which the court expressed
himself, that it was the same charge delivered on the first trial
of this case, and the jury must have known that the verdict on the
former trial was in favor of the plaintiff, and such charge must
have been construed by the jury as an opinion by the court in
favor of the plaintiff against the defendants, to their harm and
prejudice. The exception to this instruction, for the above reasons,
is without merit.

3. Movants allege that the court erred in giving to the jury
this instruction: "The burden is upon the plaintiff, Mrs. Hinson,
to clearly show to you to your reasonable satisfaction, by evidence
clearly, certainly, and definitely establishing the facts as she con-
tends them to be with respect to the alleged parol agreement be-
tween herself and her husband for the alleged purchase and ac-
quirement by her of the title to the lands in question; it is neces-
sary for the proof to clearly establish such an agreement as that
sought to be set up, to your reasonable satisfaction by the evidence
in the case." The errors alleged are, (*a*) that this charge does
not state the true rule of law, nor the strength and weight of evi-
dence necessary to authorize specific performance of a parol con-
tract for land; and (*b*) the court should have instructed the jury
"that in order for the plaintiff to recover it was incumbent upon
her to establish the parol contract and agreement so clearly and

satisfactorily as to leave no reasonable doubt in the minds of the jury as to the contract and the terms thereof."

What is the quantum of proof necessary to decree the specific performance of a parol contract for the purchase of land? In dealing with this question in a case for the reformation of a written instrument, this court said: "Lord Thurlow, in Shelbourne *vs.* Inchiquin (1 Bro. Ch. 349), said 'that the evidence must be strong and irrefragable.' But this language has been considered too strong. Attorney-General *vs.* Sitwell (1 Yonge & Coll. 583). And that all that was necessary was that the mistake should be made out by evidence clear of all reasonable doubts. Some of the authorities say that the *mistake* itself should be *plain;* and that it should be *clearly* made out by proofs which are satisfactory." *Wyche* v. *Greene,* 11 *Ga.* 159, 171.

In *Printup* v. *Mitchell,* 17 *Ga.* 558 (16) (63 Am. D. 258), it was held that "a parol contract for land, like the reformation of a deed by parol proof, should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." This ruling was followed in *Beall* v. *Clark,* 71 *Ga.* 818. In *Becker* v. *Donalson,* 138 *Ga.* 634 (75 S. E. 1122), this ruling was approved, this court holding that "such instruction was certainly as strong as defendants were entitled to." In *Tidwell* v. *Garrick,* 149 *Ga.* 290 (99 S. E. 872), the above rule was followed. In *Newberry* v. *McCook,* 146 *Ga.* 679 (92 S. E. 67), this court said: "The evidence of mutual mistake which will justify the reformation of a deed to land must be clear, unequivocal, and decisive as to the mistake." In *Adkins* v. *Flagg,* 147 *Ga.* 136 (93 S. E. 92), the action being one for the specific performance of a parol gift of land, this court approved an instruction that "to entitle [the plaintiff] to a verdict of specific performance, you must be satisfied beyond a reasonable doubt from the evidence that there was a gift of a specific tract of land, and a delivery of that land, as set out in the petition." In *Shropshire* v. *Brown,* 45 *Ga.* 175, it was said: "To entitle a complainant to a decree for specific performance of a parol contract for the sale of land, the contract must first be established with reasonable certainty." In *Schnell* v. *Toomer,* 56 *Ga.* 168, Judge Bleckley, in refering to the rulings in *Wyche* v. *Greene,* and *Printup* v. *Mitchell,* supra, and in another case, said that what was meant by proof beyond a reasonable

doubt in such cases was such proof as "would satisfy the minds of the jury of the truth of the plea." He further suggested that as "'reasonable doubt' is a phrase more appropriate to criminal cases, its employment to instruct the jury in civil cases had best be avoided." In *Harper* v. *Kellar,* 110 *Ga.* 420 (35 S. E. 667), this court referred approvingly to the ruling in *Shropshire* v. *Brown,* supra, as follows: "'To entitle a complainant to a decree for a specific performance of a parol contract for the sale of land, the contract must first be established with reasonable certainty.'" In *Warren* v. *Gay,* 123 *Ga.* 243 (51 S. E. 302), this court approved this instruction: "that in order to establish a parol contract for the sale of land that would be a basis of recovery, . . the evidence must be so clear and unequivocal as to satisfy your minds to a reasonable certainty that such a contract was made;" and said "It has been held that an instruction to the jury that they must be satisfied to a 'moral and reasonable certainty' is the same in effect as saying that they must be satisfied beyond a reasonable doubt. See *Bone* v. *State,* 102 *Ga.* 387."

In the charge complained of the court instructed the jury that "the burden is upon the plaintiff, Mrs. Hinson, to clearly show to you to your reasonable satisfaction, by evidence clearly, certainly, and definitely establishing the facts . . with respect to the alleged parol agreement," and "it is necessary for the proof to clearly establish such an agreement as that sought to be set up to your reasonable satisfaction." This instruction comes clearly within the rulings in *Shropshire* v. *Brown* and in *Warren* v. *Gay,* supra. In fact the phrase, "to your reasonable satisfaction by evidence clearly, certainly, and definitely establishing the facts . . with respect to the alleged parol agreement," is almost, if not quite, the equivalent of the phrase, "beyond a reasonable doubt." Speaking for himself, the writer agrees with the suggestion of Judge Bleckley, that as the phrase, "reasonable doubt," is one used in instructions in criminal cases, it would be best to omit it in civil cases. We do not think that the instruction complained of was erroneous.

4. Movants allege that the court erred in charging the jury as follows: "Where it is contended that there is a parol agreement between husband and wife for the purchase by the wife from the husband of lands, it is necessary for the evidence produced to you

to clearly establish, to your reasonable satisfaction, that there was in fact such an agreement and to such an extent that there is no reasonable doubt on your mind relative thereto." This instruction is alleged to be erroneous for the same reasons as those urged against the charge set out in the foregoing division of this opinion. We do not think that the instruction complained of in this ground is erroneous.

5. In the fourth ground of their motion for new trial, movants complain of an instruction given by the court to the jury, not on the ground that it was erroneous, but that the court should have instructed the jury that, before they could find for the plaintiff, they must find the facts recited in this instruction from a preponderance of the evidence. It is further alleged that the court erred in giving this instruction, because it nowhere else in its charge instructed the jury in reference to the law of the preponderance of evidence. There is no merit in these exceptions. Failure to give another appropriate instruction in connection with one given does not render the latter erroneous. *Hays* v. *State,* 114 *Ga.* 25 (4) (40 S. E. 13). In the absence of a timely written request, it is not a ground for the grant of a new trial that the court failed to instruct the jury the law on the subject of the preponderance of evidence. *Mallary* v. *Moon,* 130 *Ga.* 591 (61 S. E. 401).

6. The defendants further say the court erred in charging the jury as follows: " I also charge you that possession of land through a tenant, occupancy by a tenant, would be such possession on the part of the one claiming ownership as is contemplated by the law with respect to notice; that would be such possession as would come within the rule of possession of land being notice of whatever right or title the owner had; and where a tenant of the owner is in possession and inquiry would develop the true state of facts with reference to the state of occupancy of the tenant, such occupancy would be notice of every fact to the discovery of which inquiry would have led." The errors alleged are: (*a*) that this instruction was unauthorized by the evidence and the issues in the case; (*b*) that it did not state the law correctly as applied to the facts and the issues; (*c*) that the recorded paper title was not in the plaintiff, but in her husband, and the court should have charged the jury that the presumption was that the

tenant in possession was a tenant of the husband and that inquiry of the tenant would develop the fact that he was a tenant of the husband; and (*d*) that the charge did not state the law correctly and was inappropriate and misleading under the facts. We do not think that this charge was erroneous for any of the reasons assigned.

7. In the sixth ground of their motion for new trial, movants allege that the court erred in charging the jury as follows: " If you should find that the plaintiff is otherwise entitled to recover, find that the plaintiff, Mrs. Hinson, is otherwise entitled to recover, and, under the instructions given you, is not precluded from recovering as against Tanner and his administrators, you would be authorized to find in her favor, notwithstanding the fact, if it is a fact, that a deed had been made to her by her husband, nor the fact, if it is a fact, that her complaint was not filed before — her complaint in this case was not filed before the purchase by Tanner and the recovery [conveyance] to him of the lands in question by Mr. Hinson, and notwithstanding the further fact, if it be a fact, that such conveyance was made to Mr. Tanner by Mr. Hinson. If she is otherwise entitled to recover and not precluded from recovering under the instructions as given you, and according to what you may find the truth to be of these issues, then she would not be precluded from recovering because of the circumstances stated, because no deed had been made to her by her husband, or because her complaint was not filed before the deed to Mr. Tanner was made, or because the deed to Mr. Tanner was in fact made by Mr. Hinson, conveying to him the lands in question." The errors alleged are: (*a*) because it was inappropriate and misleading to the jury under the pleadings and the facts; (*b*) because it was admitted in the pleadings by both parties that no deed had been made by the plaintiff to her husband, thus authorizing the jury to infer that a deed had probably been made to her by her husband; (*c*) because the language, " nor the fact, if it is a fact, that her complaint was not filed before the purchase by Tanner and the conveyance to him of the lands in question by Mr. Hinson," it being admitted in the pleadings of plaintiff that the complaint was not filed before said purchase and conveyance, authorized the jury to infer that the complaint might have been filed prior to the making of the deed from Hinson to Tanner:

(*d*) because the court used the language, " and notwithstanding the further fact, if it be a fact, that such conveyance was made to Mr. Tanner by Mr. Hinson," it being admitted in the pleadings of plaintiff that such conveyance was made by Hinson to Tanner, and there being no issue whatever as to such conveyance; (*e*) because the manner in which said charge was given, and the raising of issues of fact which were not raised in the pleadings, were such as to confuse the jury and to authorize them to inject issues not raised on facts admitted by the pleadings and contentions of the parties; (*f*) because the court in said charge intimated to the jury that a deed might have been made to plaintiff by her husband, and that complaint of plaintiff might have been filed before the purchase of the land by Tanner and conveyance of same to him by Hinson, and intimated there was some doubt about the conveyance having been made by Hinson to Tanner, when all these questions were absolutely settled by the pleadings, and the court should have so instructed the jury, which instructions, because of the way given and expressed, were hurtful to the cause of the defendants. While this instruction was not entirely accruate and appropriate, we do not think that it requires the grant of a new trial. The jury could hardly have been misled by the instruction. There is no intimation of opinion therein which could have worked harm to defendants.

8. In the tenth ground of their amendment to the motion defendants complain of the refusal of the court to continue the case on their motion. On the day the case was called for trial an order was passed making the administrators of B. H. Tanner, deceased, parties defendant in his place, which order was granted immediately prior to the trial. When the case was called, Tanner's administrators announced not ready, and moved the court to continue the case on the ground that they had just been made parties defendant and had not had time to ascertain the condition of the estate, and asked for further time for that purpose and to ascertain the facts of the case. Error is assigned on the court's refusal to continue the case. The court did not err in this ruling, because (1) it was not shown that the application for continuance was not made for the purpose of delay (Civil Code (1910), § 5715); (2) because the case had been long pending in court, and had tried once before; and (3) because no reason was given why

defendants were not ready, other than that they had just been made parties, which alone would not entitle them to a postponement or continuance of the case.

9.   In the eleventh ground of the amendment to their motion the defendants " say that the court erred in his charge to the jury, in that he did not properly state the contentions of the defendants to the jury in said case;" defendants contending in the pleadings and on the trial that the plaintiff's cause of action was a stale demand and was barred by laches and gross negligence; because the court failed to charge the jury these contentions or the law governing stale demands in equity.   The complaint is that the court erred in its charge, not because any instruction embraced therein was erroneous, but because the court did not properly state the contentions of defendants to the effect that plaintiff's cause of action was a stale demand, and for failure to charge the law governing stale demands in equity.   It is well-settled law in this court that a charge or instruction which is correct in itself is never error because of the failure of the court to give to the jury some other material and pertinent instruction.   *Hays* v. *State,* supra.   Furthermore the exception is too general.   There is considerable " law in reference to and governing stale demands in equity;" and the specific instruction which the court should give ought to be pointed out.

10.   We granted a rehearing in this case, for the purpose of further consideration of the error alleged by plaintiffs in error to have been committed by the court in the admission of the evidence set out in the eighth ground of the amendment to their motion for new trial; and for the further purpose of considering their complaint that the verdict was without evidence to support it. On the first question the Justices are evenly divided as before. So we will now deal only with the complaint that the verdict was without evidence to support it.   In their motion for rehearing plaintiffs in error do not complain that the verdict in reference to the Hand tract of land was without evidence to support it; but they make this complaint with reference to the Graham tract, for reasons hereafter stated.   In her petition the plaintiff alleges that she bought in her own name and right, and with her own money, this land from Delia A. Graham for the sum of $400; that she got her husband to see about getting the deeds thereto; that she had

recently ascertained that the deed to said land was made by the vendor to her husband; that she did not consent for the deed to be made to him; and that for this reason it was held by him under an implied trust for her. The jury was authorized to find that the wife made the trade for the purchase of this tract of land in her name; that on the day she made the trade and soon thereafter she became dissatisfied with her purchase; that she told her husband she did not want the land, that he could have it if he would pay for it, that he could have the deed made in his name, that she would furnish him the money with which to pay for the land and that he could pay her back; that she did furnish him the money with which to pay for same; that on the following day the husband paid for the land with the money she furnished, and took the deed in his own name; that on the latter day, and after the husband had taken the deed to the land in his name, the wife decided that she would keep the land, to which the husband consented; that, in consequence of this, the husband did not pay her back the money she furnished to pay for this land, and was relieved from its payment; that he was to make her a deed to the same; that thereafter he acknowledged this land to be his wife's and treated the same as hers, that thereafter she rented the same out and received the rents thereof; that she ever afterwards held possession of the lands by herself and tenants; that the husband neglected to make her a deed; and that the creditor took a conveyance of this land from the husband to pay the husband's debt to him, with notice of the wife's claim and title.

Counsel for plaintiffs in error urge that the testimony, the substance of which is set out above, fails to prove the plaintiff's case as laid, but on the contrary disproves it. The further contention is made " that unless at the time the deed was made to the husband the trust attached to it in favor of the wife, such a trust could not attach to it by any subsequent change of mind on her part, even though that change of mind took place later on the same day." It is further asserted that a resulting trust arising solely from the payment of the purchase-price is not created unless the purchase-money is paid either before or at the time of the purchase. The objection that there is a variance between the allegations of plaintiff's petition and her proof is made for the first time, so far as the record discloses, in the motion for a rehearing.

There was no objection to the admission of evidence on the ground that there were no pleadings or allegations which would authorize its admission. There is no specific ground in the motion for new trial which raises this question. The evidence was permitted to go to the jury unchallenged. If proof goes to the jury without objection which would show a right in the party offering it, the jury may consider it, although there are no allegations in the pleadings setting up the facts thus proved. This is put upon the ground that if objections be made and the pleadings do not authorize the testimony, the party tendering it might amend so as to make it admissible. After the party waives his objection by allowing the evidence to go to the jury without objection, he is not entitled to a new trial on the ground that the allegations and the proof do not correspond. *Haiman* v. *Moses,* 39 *Ga.* 708 (3) ; *Field* v. *Martin,* 49 *Ga.* 268 (3). If the wife merely advanced to the husband as a loan money with which he bought this land, no trust would result in her favor. *Johnston* v. *Coney,* 120 *Ga.* 767 (48 S. E. 373). " A resulting trust which arises solely from the payment of the purchase-price is not created, unless the purchase-money is paid either before or at the time of the purchase." *Hall* v. *Edwards,* 140 *Ga.* 765 (79 S. E. 852) ; *Houston* v. *Farley,* 146 *Ga.* 822 (92 S. E. 635). Resulting trusts not only arise from the payment of the purchase-money, in which case the money must be paid before or at the time of the purchase, but may arise from other circumstances. Civil Code (1910), § 3739. In this case the wife made a trade for the purchase of this land. After she made it she became dissatisfied, and proposed to her husband that if he would take it she would furnish him with the money with which to pay for it. The husband accepted the proposition, and with money furnished by her paid for this land and took the title in his own name. If nothing else appeared, no resulting trust could arise in favor of the wife. On the same day during which the husband paid for the land and took the deed thereto in his own name, his wife changed her mind and decided to take the land herself. To this the husband agreed. She relieved the husband from the payment to her of the money advanced to him to pay for this land, and he agreed to make her a deed to the same. Thereafter the husband treated the land as the property of his wife. She held possession by herself and tenants. She received the rents therefrom.

These circumstances created an implied trust or resulting trust in favor of the wife. The facts amount to a sale by the husband to the wife in payment of the money advanced by her to him to pay for this land. This would give the wife a perfect equity in the land. *Grace* v. *Means,* 129 *Ga.* 638 (59 S. E. 811). Thereafter the husband would hold the legal title as an implied trustee for the wife. In such a case the husband stands in the place of a vendor with the purchase-money paid in full, and will be considered as holding legal title as trustee for the wife. So we are of the opinion that the evidence makes a resulting trust in favor of the wife, and that the verdict in this case is supported by the evidence.                    *Judgment affirmed by operation of law.*