HURST *v.* HURST.

ATKINSON, Justice. 1. "A resulting trust which arises solely from the payment of the purchase-price is not created, unless the purchase-money is paid either before or at the time of the purchase." *Hall* v. *Edwards*, 140 *Ga.* 765 (3) (79 S. E. 852); *Houston* v. *Farley*, 146 *Ga.* 822, 824 (92 S. E. 635); *Gales* v. *Stokeley*, 151 *Ga.* 718 (108 S. E. 34); *Goodnight* v. *Goodnight*, 154 *Ga.* 789, 795 (115 S. E. 496); *Tanner* v. *Hinson*, 155 *Ga.* 838, 850 (118 S. E. 680); *Berry* v. *Brunson*, 166 *Ga.* 523, 529 (143 S. E. 761); *Hemphill* v. *Hemphill*, 176 *Ga.* 585, 590 (168 S. E. 878); *Bell* v. *Bell*, 178 *Ga.* 225, 226 (172 S. E. 566).

(*a*) The defendant by her equitable amendment asserts a right of exclusive possession and seeks a decree declaring that the plaintiff has no interest in the property. One theory of the right to such relief is an implied trust resulting solely from the payment of the purchase-price of the property from funds of her separate estate, where no gift to the husband was intended.

(*b*) Applying the above-stated principle of law to the pleadings and evidence, and particularly to the theory advanced by the defendant of an implied trust based solely upon payment of the purchase price, the excerpts from the charge of the court to the jury, complained of in the several grounds of the motion for new trial, were not erroneous, as contended, on the ground that they did not state correct principles of law and were not properly adjusted to the pleadings and evidence.

2. The evidence was sufficient to support the verdict for the plaintiff, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Bell, J., who dissent.*

No. 10704. MARCH 13, 1936.

**142**

*G. Y. Harrell,* for plaintiff in error.  *James W. Harris,* contra.