## LOGGINS *v.* DAVES.

JENKINS, Presiding Justice. 1. "Trusts are either express or implied. Express trusts are those created and manifested by agreement of the parties. Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties." Code, § 108-104. "All express trusts shall be created or declared in writing." § 108-105.

2. "Trusts are implied— . . Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another." Code, § 108-106.

3. Implied trusts are either resulting or constructive. In an implied *resulting* trust the intention of the parties is an essential element, although no valid *agreement* setting up such an intention is shown, but such mutual intent is implied only from proven facts and circumstances. An implied *constructive* trust is different, in that here there is no intention of the parties to create such a relationship, but on the contrary in most, if not in all cases, such a trust arises by virtue of the fraudulent conduct of one misappropriating the money of another, and the trust arises contrary to any intent on his part. 4 Pomeroy's Equity Jurisprudence, §§ 1031, 1044.

4. In order to set up such an implied resulting trust in favor of one paying the purchase-money where the title is placed in another, it is indispensable that it be shown that the purchase-price was paid by the beneficiary of the trust at or before the time the conveyance was made, or that it be shown, other than by a void parol agreement, that it was the intent and purpose of the partes *at the time the conveyance was made* that the one claiming the benefit of the trust should pay the purchase-money in conformity with such original intent and purpose of the parties. Such an intent may be established by proof of an

initial payment, by the one claiming the benefit of the trust, at or before the time the title is conveyed to another. In such a case, in the absence of satisfactory proof to the contrary, it may be presumed, as the intention of the parties, that the one making such initial payment would complete the payments to protect his equitable title.

(a) The language first used by this court in *Hall* v. *Edwards*, 140 *Ga.* 765 (3) (79 S. E. 852), and ofttimes quoted with approval in subsequent cases (*Houston* v. *Farley*, 146 *Ga.* 822, 824, 92 S. E. 635; *Gales* v. *Stokeley*, 151 *Ga.* 718, 108 S. E. 34; *Tanner* v. *Hinson*, 155 *Ga.* 838, 850, 118 S. E. 680; *Bell* v. *Bell*, 178 *Ga.* 225, 226, 172 S. E. 566; *Hurst* v. *Hurst*, 182 *Ga.* 138, 184 S. E. 867), that "A resulting trust which arises solely from the payment of the purchase-price is not created, unless the purchase-money is paid either before or at the time of the purchase," has proper application to implied resulting trusts, where one other than the person taking the legal title improperly seeks such a benefit of such a trust merely because he may subsequently pay or subsequently assume an obligation to pay for the property. In such a case there is nothing to indicate that such subsequent payments were made in accordance with an original understanding had at the time the conveyance was made.

In the *Hall* case, and the cases following it, the court therefore correctly ruled that an implied resulting trust which is sought to be established solely by proof of payment of the purchase-money, made subsequently to the time of the purchase, would not alone suffice. In those cases there were *no payments* except those made subsequently to the purchase, and there was therefore *nothing* to indicate or establish an understanding that the person claiming the benefit of such a trust was obligated at the time of the purchase to pay for the property, except a void parol agreement. Here, contrary to the facts in those cases, it is shown that the initial payment was made at the time the deed was passed, and that it was paid by the person claiming the benefit of the trust. This was such evidence as might be sufficient to show a then mutual intention such as could be taken to establish the existence of a trust to begin with.

That this court by the language quoted from the *Hall* case did not intend to hold that an implied resulting trust could not be established by proof of payments made by the person claiming the trust unless the *entire* purchase price was thus paid at the time of the conveyance, is indicated by the ruling in *Hemphill* v. *Hemphill*, 176 *Ga.* 585, 590 (168 S. E. 878) where, as here, there was an *initial payment* by the person claiming the benefit of the trust, and where this court seems to have clearly recognized that the initial payment would support the establishment of the trust, and that the subsequent payments, made in accordance with the original intention and understanding thus established, would establish that portion of her claim. This construction of the *Hall* case, and the cases following it, appears to be in complete accord with the uniform rule as stated by all textbook writers. See, in this connection, 4 Pomeroy's Equity Jurisprudence, § 1037; Restatement of the Law, Trusts, § 457, 54 Am. Jur. 158, §§ 203, 204; 65 C. J. 371, § 145.

5. The evidence in this case was in complete conflict as to who made the
initial payment, and as to who made the subsequent payments; the
plaintiff contending that he made all the payments, and the defend-
ant disputing this and contending that all the payments were made by
herself. The judge in effect charged the jury that, if they believed that
the initial payment was made by the plaintiff this would establish an
implied trust, and if they believed that any subsequent payments were
made by the defendant, these would be taken as having been advanced
by her as a loan to the plaintiff. The charge was assigned as error
"as being contrary to law, and [because it] does not contain a correct
and accurate statement of the law; that the law does not imply a trust
in the entire property from the payment of a part of the purchase-
money, but a trust is implied under such circumstances only to the
extent of the purchase-money furnished, and it was error for the court
to give different instructions; nor would the law regard any money
subsequently paid by movant under the facts of the case as a loan by
her to petitioner." *Held:* It is evident that the jury by its verdict
necessarily found that the plaintiff made the first payment, and under
the charge of the court they could have found for the plaintiff a trust
in the entire property, irrespective of who made the subsequent pay-
ments by virtue of the original payment having been made by the
plaintiff. We can not know from the verdict whether the jury believed
that the plaintiff paid the entire purchase-price or not. So far as their
findings go, when taken in connection with the charge, they might have
believed that the plaintiff made the initial payment and the defendant
made all subsequent payments. It is therefore necessary to deter-
mine whether this charge states a correct principle of law.

The gravamen in a suit such as this is based on the principle of
natural equity, that is, that he who in accordance with the intent of
the parties actually pays or partially pays for property should enjoy
it to the extent of the proportionate payments made, even though the
legal title should have otherwise passed. See 12 Enc. Dig., Ga.
Reports, p. 321, and numerous cases there cited. Therefore we reach
the conclusion that the sounder doctrine is to stick by what appears to
be the language as well as the intent of the Code, and as we think
our decisions appear to have interpreted it, that is to say, the recovery
by such a plaintiff should be limited to the extent and in the propor-
tion that his money has actually gone to pay for property where
the title is put in another. There is no contention in the present case
that the plaintiff was prevented from paying any portion of the pur-
chase-price, his contention being that he in fact paid it all.

6. The contention is made by the plaintiff in error that, even should the
implied trust be established, the plaintiff was not entitled to prevail
for the reasons: (1) that he was estopped from claiming the bene-
fits of such a trust because the evidence shows that he thereafter ac-
cepted a deed from the defendant conveying to him a one-half interest
in the property, which must be taken as inconsistent with his present
position; and (2) that he had also thereafter reconveyed this half
interest back to the defendant, reserving to himself merely a life
estate therein, which effected a relinquishment of any claim that he

might have had under any valid implied trust. While the plaintiff undertook to absolve himself from any estoppel by reason of acceptance of the deeds to him above mentioned, by pleading and by evidence to the effect that he was ill physically and mentally, and did not know what he was doing, and being unable to read or write, he could not understand the nature of the papers being executed, and he did not accept said (first-mentioned) deed as a settlement of his claim to this property, and that the defendant "fraudulently induced plaintiff to sign the [second-mentioned] deed reconveying same to defendant . . representing to him that the papers would give him the whole title," and while he sought to have the deed of reconveyance by him to the defendant canceled on the ground of fraud, and while the court by its judgment entered a decree cancelling the deed of reconveyance—it nevertheless appears that the jury made no finding thereon such as would authorize the decree of cancellation. We think that the decree cancelling the deed of reconveyance was unauthorized, in the absence of any finding by the jury establishing fraud. Inasmuch as the case will be tried again, we make no ruling as to the sufficiency of evidence, either on the question of estoppel or on the question as to whether a verdict declaring the deed of reconveyance void on account of fraud would have been authorized.

*Judgment reversed. All the Justices concur.*

No. 15649. NOVEMBER 15, 1946.

*Rupert A. Brown,* for plaintiff in error.
*Eugene A. Epting,* contra.