WILLIAMS *v.* PORTER *et al.,* trustees.

No. 15747.   APRIL 15, 1947.

116

*John H. Hudson* and *J. Walter LeCraw,* for plaintiff in error.
*Scott, Wiggins, Grizzard & Smith,* contra.

WYATT, Justice. ▮ Counsel for all the parties treat the trust sought to be alleged as a resulting trust and not a constructive trust. It will be so dealt with here.

The main insistence of counsel for the plaintiff in error is that the petition failed to state a cause of action because it failed to allege that the "purchase-money was paid either before or at the time of the purchase." In support of this contention counsel cite *Hall* v. *Edwards,* 140 *Ga.* 765 (79 S. E. 852), *Houston* v. *Farley,* 146 *Ga.* 822, 824 (92 S. E. 635), and *Gales* v. *Stokeley,* 151 *Ga.* 718 (108 S. E. 34).

The point raised has been adequately dealt with in the recent case of *Loggins.* v. *Daves,* 201 *Ga.* 628 (40 S. E. 2d, 520), where

this court said: "In order to set up such an implied resulting trust in favor of one paying the purchase-money where the title is placed in another, it is indispensable that it be shown that the purchase-price was paid by the beneficiary of the trust at or before the time the conveyance was made, or that it be shown, other than by a void parol agreement, that it was the intent and purpose of the parties at the time the conveyance was made that the one claiming the benefit of the trust should pay the purchase-money in conformity with such original intent and purpose of the parties. Such an intent may be established by proof of an initial payment, by the one claiming the benefit of the trust, at or before the time the title is conveyed to another. In such a case, in the absence of satisfactory proof to the contrary, it may be presumed, as the intention of the parties, that the one making such initial payment would complete the payments to protect his equitable title. The language first used by this court in *Hall* v. *Edwards,* 140 *Ga.* 765 (3) (79 S. E. 852), and ofttimes quoted with approval in subsequent cases *(Houston* v. *Farley,* 146 *Ga.* 822, 824, 92 S. E. 635; *Gales* v. *Stokeley,* 151 *Ga.* 718, 108 S. E. 34; *Tanner* v. *Hinson,* 155 *Ga.* 838, 850, 118 S. E. 680; *Bell* v. *Bell,* 178 *Ga.* 225, 226, 172 S. E. 566; *Hurst* v. *Hurst,* 182 *Ga.* 138, 184 S. E. 867), that 'A resulting trust, which arises solely from the payment of the purchase-price, is not created, unless the purchase-money is paid either before or at the time of the purchase,' has proper application to implied resulting trusts, where one other than the person taking the legal title improperly seeks such a benefit of such a trust merely because he may subsequently pay or subsequently assume an obligation to pay for the property. In such a case there is nothing to indicate that such subsequent payments were made in accordance with an original understanding had at the time the conveyance was made. In the *Hall* case, and the cases following it, the court therefore correctly ruled that an implied resulting trust which is sought to be established solely by proof of payment of the purchase-money, made subsequently to the time of the purchase, would not alone suffice. In those cases there were no payments except those made subsequently to the purchase, and there was therefore nothing to indicate or establish an understanding that the person claiming the benefit of such a trust was obligated at the time of the purchase to pay for the property, except a void parol agree-

ment. Here, contrary to the facts in those cases, it is shown that the initial payment was made at the time the deed was passed, and that it was paid by the person claiming the benefit of the trust. . .. That this court by the language quoted from the *Hall* case did not intend to hold that an implied resulting trust could not be established by proof of payments made by the person claiming the trust unless the entire purchase-price was thus paid at the time of the conveyance, is indicated by the ruling in *Hemphill* v. *Hemphill,* 176 *Ga.* 585, 590 (168 S. E. 878), where, as here, there was an initial payment by the person claiming the benefit of the trust, and where this court seems to have clearly recognized that the initial payment would support the establishment of the trust, and that the subsequent payments, made in accordance with the original intention and understanding thus established, would establish that portion of her claim. This construction of the *Hall* case, and the cases following it, appears to be in complete accord with the uniform rule as stated by all textbook writers. See, in this connection, 4 Pomeroy's Equity Jurisprudence, § 1037; Restatement of the Law, Trusts, § 457; 54 Am. Jur. 158, §§ 203, 204; 65 C. J. 371, § 145."

While we do not find in the instant petition an express averment that a part of the purchase-price was paid either before or at the time of the purchase, this allegation is necessarily implied. No reasonable construction can be given the petition other than that the church, prior to the purchase, furnished the sum of $395 of the initial purchase-money and the defendant furnished the balance of $105. "It is a well-settled rule of construction that what is clearly implied is as much a part of a pleading as what is expressed; and considering the instant petition as a whole, we think that the requisite allegation was necessarily implied. . . It is true that a petition, when considered on general demurrer, must be construed most strongly against the pleader, and that in applying this rule the petition should be construed in the light of its omissions as well as its averments. *Toney* v. *Ledford,* 184 *Ga.* 856 (2) (193 S. E. 761) ; *Mackler* v. *Lahman,* 196 *Ga.* 535 (27 S. E. 2d, 35). But this does not mean that the petition must be given a strained construction, in violation of its reasonable and necessary intendment." *Toler* v. *Goodin,* 200 *Ga.* 527, 534 (37 S. E. 2d, 609), and cit.

■ Irrespective of whether a general demurrer, on the ground that the petition sets forth no cause of action, is sufficient to raise the defense of laches (Code, §§ 3-712, 37-119), the instant petition did not show such laches as would bar the action. Under the allegations of the petition, the trustee treated the trust as subsisting, and the church had no notice or knowledge of any adverse claim until the fall of 1944. The petition was brought in 1945. No facts are alleged which would make it inequitable to enforce the trust.

The rulings in this and the preceding division of the opinion dispose of the contentions urged with reference to the general demurrers. We find no merit in these contentions.

■ Complaint is made because the court overruled a demurrer to an amendment, the ground of demurrer being that the amendment was not positively verified. The Code, § 81-110, provides: "Petitions for a restraining order, injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs."

In *Bracewell* v. *Cook*, 192 *Ga.* 678 (16 S. E. 2d, 432), the court said: "The fact that a petition for injunction is not verified as required by the Code, § 81-110, does not as a matter of law demand its dismissal, but the petition may be retained in court and an injunction granted thereon, where 'other satisfactory proofs' are submitted." Dealing with the question of an amendment to an equitable petition seeking extraordinary relief, this court, in *Jacobs* v. *Rittenbaum*, 193 *Ga.* 838 (20 S. E. 2d, 425), said: "These provisions as to verification and 'proofs' relate to preliminaries, such as sanction, filing, and interlocutory hearing, and do not require that an amendment offered on final trial shall be verified." The last-quoted clause, "and do not require that an amendment offered on final trial shall be verified," is not an intimation that all amendments offered prior to the final trial should be dismissed unless positively verified. Clearly, in the use of this language, the court was merely confining its ruling to the one question there presented.

Where extraordinary relief is sought, an amendment offered prior to or at an interlocutory hearing, though not positively verified, is sufficient if supported by "other satisfactory proofs."

The trial court did not err in overruling the demurrer.

120

■ As originally brought, the petition alleged that the "church is the owner" of described realty. An amendment, alleging in substance that the church was the owner of the equitable interest in the property by reason of detailed facts showing title in the defendant as trustee for the church, was not subject to the objection that it set forth a new and distinct cause of action. The amendment was a mere amplification of the original allegations, detailing with specific averments the nature of the plaintiff's claim and title.

■ With reference to the repayment "in May or June, 1937," of the sum advanced by the defendant in making the purchase of the property, the petition alleged: "Plaintiffs are unable to state the exact day of the month because of the fact that at that time defendant Williams was the acting treasurer of said church, and the books and records of his actions and doings as acting treasurer have never been delivered to said church and as far as these plaintiffs know are still in the possession of said defendant Williams." The defendant specially demurred to these allegations upon the ground that the term, "acting treasurer," is too vague and indefinite; that there was no allegation that the "real treasurer" was incapacitated or otherwise incapable of performing his duties; and that there was no allegation as to the time or period the defendant was acting treasurer. The court did not err in overruling this ground of demurrer. In alleging that the defendant was acting treasurer of the church at a certain time, the petition alleged an ultimate fact. Having set forth plain, definite, and traversable facts, the petitioners should not be required to go into useless detail.

■ Concerning the repayment of the advance, the petition alleged: "Following the purchase of the property, *the church,* without demand on the part of the defendant Williams for payment, *did reimburse him for said advance.*" The defendant specially demurred to this allegation upon the ground that it failed to allege who, or what person, did the paying or made the reimbursement. This ground of demurrer stands upon a somewhat different footing from the one dealt with in the preceding division of the opinion. Since this church is an association of individuals, its transactions must of necessity be carried on through some person or persons acting in its behalf. Having filed an appropriate

and timely special demurrer, attacking a material allegation of the petition, the defendant was entitled to know what person or persons the association claimed acted in its behalf. If the charge is untrue, then this information would be of vital importance to the defendant in the adequate preparation of his defense. For these reasons, we think that the court erred in overruling this ground of special demurrer. See, in this connection, *Savage* v. *Western Union Telegraph Co.*, 198 *Ga.* 728 (32 S. E. 2d, 785).

<div align="center">

*Judgment reversed. All the Justices concur.*