BOYETT v. EDENFIELD.

ATKINSON, J. 1. In an action of complaint for land and mesne profits, the land was described as containing 14 and 1/2 acres as indicated by a plat executed by a named surveyor, bearing a certain date. The names of adjacent landowners were also given. The defendant in his plea disclaimed "any portion of the fourteen and one half (14 1/2) acres of land, except four acres, more or less, upon which he resides and which he bought about four years ago." Relatively to the four acres the defendant claimed title through the plaintiff, and set up an executory contract between plaintiff and defendant's remote grantor, whereby the former agreed to sell the land to the latter, and prayed that the plaintiff be required to specifically perform the contract by executing a deed. The defendant also set up a claim for valuable improvements, which he prayed should be set off against mesne profits, and for which he might have judgment against the land. There was no demurrer to this plea. The jury returned a verdict finding "for the plaintiff the four acres of land in dispute. We further find for the defendant $350.00 for the improvements, as a set-off against the rent." *Held:*

(a) Inasmuch as the defendant claimed to have derived title through the plaintiff, it was unnecessary for the plaintiff to make further proof of title.

(b) In view of the admissions in the defendant's plea, none of the assignments of error based on rulings of the court on the admissibility of evidence show cause for the grant of a new trial.

2. The charge: "If the mesne profits exceed the improvements, why you would give, in addition to the verdict for the land, a verdict for the excess of the mesne profits over the improvements. If you find that the improvements exceed the mesne profits, why you would give your verdict in favor of the plaintiff for the land, and in favor of the defendant for the excess of the improvements over the mesne profits," was incomplete, and did not accurately apply Civil Code sections 5587 and 5588, and, when considered in connection with the verdict which was rendered, requires a new trial.

3. Inasmuch as the verdict will be set aside and a new trial granted, it it unnecessary to decide the questions raised by the general grounds of the motion for new trial, or that presented in one of the amended grounds which complains that the verdict did not sufficiently describe the land found for the plaintiff.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 17, 1915.

Complaint for land. Before Judge Sheppard. Tattnall superior court. May 23, 1914.

*E. C. Collins* and *Hines & Jordan,* for plaintiff in error.
*Way & Burkhalter,* contra.