## PAYTON *v.* PAYTON.

GEORGE, J. On the controlling issues in this case the evidence is not in dispute. The plaintiff (the husband) purchased lands and paid the purchase-money thereof, but caused a deed thereto to be made to the father of the defendant (the wife). The grantee in the deed made two deeds to the land thus conveyed to him: the older, to the husband in execution of the implied trust, and the younger to the wife, but upon no valuable consideration. The deed to the wife was sooner recorded, she nevertheless executing to the husband a writing reciting and agreeing that the equitable title to the land and the beneficial interest therein was in the husband, and that she held the legal title in trust for him. After the deed to the wife was recorded, loans on the lands were negotiated by the husband, said loans being secured, nevertheless, by deeds executed by the wife. The proceeds of these loans (and, according to the wife's contention, $1,000 in money belonging to her) were used to improve the lands. Thereafter, and before the loans were paid, the husband and wife separated, and this suit was instituted. At the conclusion of the evidence (and in accordance with the prayers of the petition) the court directed a verdict for the plaintiff and entered a decree in his favor, declaring his title to the land to be superior to the title of the defendant, and canceling the deed to the defendant, without prejudice, nevertheless, to the liens of the holders of the security deeds, which liens were declared to be superior to the title of the plaintiff. *Held:*

1. In the contest between the earlier deed to the plaintiff, made in execution of the implied trust, and the later voluntary deed to the defendant, both executed by the same grantor, priority of recordation gave no priority of title to the defendant's voluntary deed. Civil Code, § 4525; *Deen* v. *Williams,* 128 *Ga.* 265 (2), 266 (57 S. E. 427).

2. The use of the $1,000 of money belonging to the defendant in the making of the improvements on the lands (conceding that the evidence upon this issue was sufficient to authorize a finding in favor of the defendant) did not affect the plaintiff's title. The transaction amounted either to a gift to the husband or a loan to him. *Stokes* v. *Clark,* 131 *Ga.* 583 (62 S. E. 1028).

3. There was no error in directing the verdict and in entering a decree for the plaintiff.      *Judgment affirmed. All the Justices concur.*

No. 808. OCTOBER 17, 1918.

Equitable petition. Before Judge Bell. Fulton superior court. December 5, 1917.

*James L. Key,* for plaintiff in error.

*Little, Powell, Smith & Goldstein,* contra.