## CONIFF *et al. v.* HUNNICUTT.

1. The registry of a deed not attested, proved, or acknowledged according to law, is not constructive notice to a subsequent bona fide purchaser, Applying this principle, the court did not err in its instruction to the jury set out in the first ground of the amendment to the plaintiffs' motion for new trial.

2. The instruction to the jury, set out in the second ground of the amendment to the motion for new trial, was not erroneous for any of the reasons assigned.

3. An exception by plaintiffs to the whole of a long excerpt from the charge of the court is not well taken where such charge embraced, among other propositions, an instruction invoked by the plaintiffs.

(*a*) An exception to an instruction embraced in this excerpt, to the effect that one who buys land for value without knowledge or notice of a senior unrecorded deed from the same vendor, and takes a bond for title or deed which is duly recorded, acquires a title superior to that of the vendee in such senior deed, the exception being that this principle only obtains between persons sui juris and is not applicable to minors, is not well taken.

(*b*) The exceptions to the portion of this excerpt, which deals with the burden of proof are without merit.

4. Ordinarily an obligation made by a person to whose name is added therein the word "guardian" is the individual undertaking of such person; and where notes are made payable to him, with this word following his name, they are due to him in his individual capacity; and the addition of the word "guardian" to the name of the obligor in the bond for title, or to the payee in notes given for the purchase-money of lands embraced in such bond, may, as between the parties, be treated as descriptio personæ, and such bond will be treated as the individual obligation of the maker, and such notes will be held payable to the payee therein individually.

(*a*) But while this is so, if a father undertakes to sell land of his minor children as their guardian, when he is in fact only their natural guardian, and without authority to sell the same, his children, in an action to recover their interests in such land, can show this state of facts in order to defeat the title of the vendee. The bond for title of the father in the form aforesaid, and notes given by the purchaser for the purchase-money, payable as aforesaid, were competent evidence to establish the contention of the plaintiffs that their father was acting in their behalf in making the sale to the defendant, and that the defendant so treated this transaction.

(*b*) This being so, the instruction of the court, that this bond for title was an individual obligation of the father, withdrew from the jury the contention of the plaintiffs that he executed this instrument pretending to act as their guardian, and was tantamount to telling the jury that the transaction resulting in the sale of this land by him to the defendant was in his individual capacity, and not in the character of his assumed position as their guardian.

(*c*) This being so, this instruction was an intimation of opinion by the court upon the evidence, and invaded the province of the jury.

5. The exceptions to the instruction set out in the fifth ground of the amendment to the motion for new trial are without merit.

6. The charge of the court upon the subject of setting off improvements was incomplete and did not accurately apply the provisions of the Civil Code (1910), §§ 5587, 5588.

7. The principles embraced in the plaintiffs' requests for instructions, so far as they were correct and pertinent, were covered by the charge of the court.

8. As we grant a new trial, we do not pass upon the evidence.

No. 3864.    APRIL 15, 1924.

Complaint for land.    Before Judge Blair.    Cobb superior court. June 9, 1923.

On January 26, 1916, John W. Cason, Katie Cason Massey, B. F. Cason, R. M. Cason, Lena Cason Coniff, Julia Cason Puckett, J. P. Cason, and Daniel L. Cason, respectively 37, 36, 33, 31, 27, 25, 22, and 20 years of age, instituted their action of ejectment to recover each a one-ninth undivided interest in land lot 391 in

the first district and second section of Cobb County, and the mesne profits thereof. Plaintiffs allege that Ella Cason died in possession of said lot on December 20, 1903, that they and their father, C. L. Cason, were the heirs at law of Ella Cason, that there never was any administration on the estate of Ella Cason, and that the title to the land descended to plaintiffs, and their father as heirs at law of Ella Cason as tenants in common. By an amendment plaintiffs struck the names of John W. Cason, B. F. Cason, Katie Cason Massey, and R. M. Cason, and the case proceeded in the names of the other plaintiffs. By this amendment the plaintiffs struck out the words "first district," as the district in which said lot was located, and inserted in lieu thereof the 18th district. They further alleged that the defendant holds under a deed dated November 26, 1909, recorded September 18, 1917, in which the original plaintiffs and "C. L. Cason, guardian," quitclaimed and conveyed said lot to the defendant; that the present plaintiffs, at the time said deed was executed, were minors; that the deed was executed by C. L. Cason as guardian, who was not their guardian; and that these plaintiffs never signed the deed.

In her answer the defendant denied the substantial allegations of the original petition; and by an amendment she alleged that she made valuable and permanent improvements on the premises, of the value of $5025, that plaintiffs would not be entitled to mesne profits exceeding $150 per annum, if they held such title as would authorize them to recover, and that without such improvements the premises would not have had a higher rental value than $25 per year; and she prayed to have the improvements set off against the value of this land. By another amendment the defendant alleged that she bona fide claimed title to the lot of land in dispute; that on November 23, 1907, she contracted to purchase the lot from said C. L. Cason for $525; that in pursuance of the contract of purchase she paid Cason $250 in cash and delivered to him her three notes, payable twelve, twenty-four, and thirty-six months after date for $125, $100, and $100 respectively, and Cason executed and delivered to her his contract for the sale of the land, a copy of which she attached and made a part of her answer; that Cason delivered possession of the lot to her; that she has been in the actual, adverse, open, notorious and exclusive possession thereof until the present time, claiming the same as her own; that she paid said three notes;

that Cason exhibited to her, at the time she bought the lot, his deed and title papers thereto, consisting of a chain of title from the State into him; that she bought the land in good faith, believing that it was the property of Cason; that he turned over to her his muniments of title, and having paid the purchase-price of said land and having had possession thereof as stated, she has the title thereto. The bond for title from Cason was dated November 23, 1907, was attested by two witnesses, one of them a notary public, and was recorded December 19, 1907. It covers the lot of land in dispute. In the body of the bond it is recited that "C. L. Cason, guardian, . . is held and firmly bound unto Mrs. Lola Odelle Hunnicutt," the defendant in this case, and signed by Cason in his individual capacity.

On the trial of the case on March 14, 1923, the plaintiffs introduced evidence tending to establish these facts: Ella Cason was the mother and C. L. Cason was the father of the plaintiffs. Ella Cason died in 1902, and C. L. Cason died in 1912. Ella Cason was survived by her husband, C. L. Cason, and eight children. These children were J. P. Cason, R. F. Cason, R. M. Cason, Julia Cason Puckett, B. L. Cason, Lena Cason Coniff, Katie Cason Massey, and John W. Cason, who, at the time of the trial, were respectively 29, 39, 37, 32, 26, 33, 43, and 45 years of age. The annual rental of the place is worth $400. The land is worth $100 per acre, without the improvements. The deed from C. L. Cason to Ella Cason, under which plaintiffs claim, was in possession of C. L. Cason after the death of his wife. At the time of his death the instrument was not in his possession, but in possession of his oldest daughter. Ella Cason had this deed in her possession before she died. C. L. Cason never exercised any acts of ownership over this property after this deed was made. He tried to get his wife to sell this property, but she would not. Julia Cason Puckett signed this deed when she was 15 or 16 years old. She signed it because her father ordered her to do so. B. L. Cason was 36 years old, and he did not sign the deed. He was 12 or 13 years old on November 26, 1919. J. L. Cason was 36 years old, and he signed this deed. No notary or justice of the peace was present at the time he signed. He was 12 or 13 years old when he signed the paper. Plaintiffs introduced a deed from C. L. Cason to Ella Cason, dated December 2, 1901, conveying the land in dispute for the alleged consideration of $250

and love and affection. This deed was attested by a notary public of the State of Alabama. It was admitted by counsel for the defendant that there was no administration upon the estate of Ella Cason in Cobb County, Georgia.

The defendant testified that she lived on the land in dispute from 1912 up to the December prior to the trial. She purchased it from C. L. Cason. She was to pay $200 down, and gave two notes for $100 each and one for $125. She paid these notes before they matured. When she paid the purchase-money in full, Cason expressed her the deeds to the property. When she executed her deed to this property she found out there were some minor children. She had Cason to come and see her. She wanted to get her money back, because she did not want to buy minors' property. This was after she paid the purchase-price in full. At the time she bought the property Cason sold it as his own. At the time she executed the bond for title Cason did not say that anybody else was interested. When she bought this property there was nothing on it except holes, gulleys, broom-sedge, and small pines. The defendant built a dwelling-house, barn, smoke-house and tenant-house on this property for the cost of something like $4000. She did not pay any attention to that part of the contract where it says "C. L. Cason, guardian." She remembered about this land being levied on for taxes of Mrs. Cason for 1907. She sent her husband to bid on the land. He acted as her agent in this matter. It was on November 22, 1919, when she made the last payment on the purchase-money of this land. At the time she purchased this land it had been without a tenant for eight or ten years, and was not worth over $10 an acre; it is now worth more than $30 or $40 per acre. The defendant introduced the grant of this lot and mesne conveyances into C. L. Cason.

W. J. Fray, for plaintiffs, testified that he was sheriff of Cobb County in 1907. The tax fi. fa. against lot 391 was for $1.92, and it was bid off for $100. After paying cost and advertising fee there was a balance of $84.39, which was paid over to the defendant by order from Charles L. Cason. This was on October 19, 1908. Witness made a deed to the plaintiffs.

The above order was introduced in evidence. Plaintiffs introduced a quitclaim deed, produced by the defendant under notice, dated November 26, 1909, and purporting to be signed by all of the

original plaintiffs and by "C. L. Cason, guardian," to the land in dispute, for the consideration of $525 and acknowledged before J. H. Kennedy, notary public, Jefferson County, Alabama, on August 26, 1918, by all the grantors. This deed was recorded on April 10, 1920, in the clerk's office of Cobb superior court. Plaintiffs introduced the tax fi. fas. for State and county taxes for 1906, issued December 20, 1906, against the estate of Ella Cason for $1.92 and cost, with entry of levy on the property on January 9, 1908, followed by a deed from the sheriff of Cobb County, dated October 22, 1908, reciting that the land was bid off for the defendant at sheriff's sale on March 3, 1908, for $100. This deed was recorded on October 22, 1908. This deed was introduced by plaintiffs for the purpose of showing notice by the defendant of the interest of Ella Cason in this property.

The defendant introduced in evidence the bond for title from C. L. Cason to herself, hereinbefore referred to, in the body of which is the recital that "C. L. Cason, guardian," is bound and held to the defendant. The defendant also introduced three notes bearing date of November 23, 1907, payable to "C. L. Cason, guardian," and signed by the defendant, reciting that they were given for the purchase-money of the lot of land in dispute and due one, two, and three years from date, respectively. The note first due was for $125, and the other two for $100 each. The defendant introduced a check payable to C. L. Cason, for $184, dated November 22, 1909, indorsed by C. L. Cason, and marked paid by the bank.

The jury returned a verdict for the defendant. The plaintiffs moved for a new trial on the general grounds; and afterwards by amendment added the following grounds:

1. Because the court erred in charging the jury as follows: "Now, the court instructs you further, with reference to this deed, that it wasn't executed in accordance with the laws of this State, and that while it appears to have been recorded in April, 1903, that the recording of it counts for nothing under the laws of this State, that is, the recording of the deed is not notice to anybody of any rights that Ella Cason took under the deed, or what her children or heirs at law would take under the deed." The grounds of error assigned on this charge are: (1) that as the plaintiffs claim under a deed from their father to their mother, made in 1901, as the defendant claimed under a bond for title made by Cason to her in

1907, and as the defendant took from the plaintiffs a quitclaim deed from plaintiffs to this land on August 26, 1908, when only $200 of the purchase-money had been paid, it was not a question of notice to the defendant as to the title to this land of plaintiffs as heirs at law of their mother; (2) that a deed executed under the laws of this State, with one witness, is executed in such a way as to convey whatever title the grantor had to the grantee, and when the defendant took from the plaintiffs on August 26, 1908, when only $200 of the alleged purchase-money had been paid, which deed was signed by "C. L. Cason, guardian," when the plaintiffs were minors, it was immaterial whether said deed conveyed notice or not to the defendant, who did not insist that she had title except by prescription; (3) that the court failed to charge the jury that said deed from C. L. Cason to Ella Cason put whatever title he had into the latter, and that upon her death her title descended to her heirs, and his bond for title would not convey the title of Ella Cason or her heirs.

2. Because the court erred in charging the jury as follows: "Now the defendant comes in, gentlemen, and claims title to this entire lot of land under C. L. Cason. She puts in evidence a bond for title executed here by C. L. Cason to the defendant, Mrs. Lola Odell Hunnicutt. I don't see this bond has a date on the face of it, but it was filed for record on December 19th, 1907, with the clerk of this court; it appears to have been executed on the 23d of November, 1907, and filed for record on December 19th, the same year. This bond for title, gentlemen, was executed in accordance with the laws of the State, and was recorded; and the defendant here claims that she bought this lot of land in good faith from C. L. Cason, that she took this bond for title from him, and that she paid the purchase-money for this lot of land in good faith, without any notice of any outstanding title in any one; and she therefore says that, having paid the purchase-money in full under the bond for title, she has got a title to the entire lot of land and that her title is superior to the title that was conveyed by C. L. Cason to Ella Cason, and, as I said at the outset, this is a contest between the plaintiffs on the one hand, and the defendant on the other, as to who has a superior title, the plaintiffs on their part or the defendant on her part. As I have already indicated to you, gentlemen, the recording of the deed from C. L. Cason to Ella Cason

would not give notice to any one of the fact of the outstanding of this deed. If the deed had been executed according to the laws of Georgia, and recorded, then that is constructive notice to everybody of the deed and what it conveys; but not being executed according to law, the recording of it does not carry notice to anybody." The errors assigned are (a) that this charge ignores the case made by plaintiffs, and (b) that it was erroneous because: (1) this deed did convey whatever title C. L. Cason had to Ella Cason, and for this reason was executed according to law; (2) said charge minimizes said deed and its effect; (3) there was no contest between two deeds; (4) the court should have instructed the jury why it was not executed according to law, and also should have told the jury that even if it had but one witness, still it conveyed to Ella Cason whatever interest C. L. Cason had in this property.

3. Because the court erred in charging the jury as follows: "Now, the court instructs you that if the defendant here, Mrs. Hunnicutt, bought this lot of land in good faith, paid a valuable consideration for it—a fair, reasonable value for it, and took a bond for title thereto, paid the purchase-money in full, without notice of any outstanding title, why she would be protected as against the deed made from C. L. Cason to Ella Cason. The court instructs the jury that an obligee in a recorded bond, that is, Mrs. Hunnicutt, is protected to the extent of the purchase-money actually paid before notice of the right of the grantee in seniority in an unrecorded deed, that is, the deed that was made from C. L. Cason to Ella Cason. The recorded bond for title does not take priority over an unrecorded deed to the extent of the entire estate of the purchase, unless the entire purchase-money was paid before the holder of the bond for title had notice or knowledge of an outstanding unrecorded deed. To apply the rule to this particular case here, gentlemen, if at the time Mrs. Hunnicutt bought this lot of land she had no notice or knowledge of this outstanding unrecorded deed from C. L. Cason to Ella Cason, and she paid $200 purchase-money, or any other sum at that time, she would be protected to the extent of the payment. If she went on and paid the entire purchase-money without notice of an outstanding unrecorded deed, she would be protected as to the entire purchase-money; but if at the time she made the first payment she had notice, or knowledge, of an outstanding unrecorded deed, she would not be protected at all. If she didn't have

notice or knowledge at the time, she would be protected; but if prior to making any other payment or payments she had notice or knowledge of an outstanding unrecorded deed, she would be protected as to the first payment, or as to payments made without notice, but would not be protected as to such payments as were made after she had notice or knowledge of an outstanding unrecorded deed. The case, gentlemen, turns very largely on this one point; and the court instructs you with reference to the burden on this issue. The burden is on the defendant, Mrs. Hunnicutt, at the outset to show, that is, after the plaintiffs have introduced their deed and shown the fact they are heirs at law of Ella Cason, the burden is then on the defendant here, Mrs. Hunnicutt, to show she bought the lot of land in good faith and paid a fair and valuable consideration for it; and if she shows these facts the burden is then shifted on to the plaintiffs here to show that she either bought originally, or, prior to the payment of all the purchase-money, that she had notice or knowledge of this outstanding unrecorded deed; the burden is on the plaintiffs to show that. And every burden in the case is to be carried by the preponderating evidence, that is, the greater weight of the evidence." The error assigned is that the court ignored the contention of the plaintiffs that the defendant filed a plea of prescription, that they brought their suit within seven years from the time they became of age, and that in all respects their case was made out.

The plaintiffs except to the following portion of said charge: "Now the court instructs you that if the defendant here, Mrs. Hunnicutt, bought this lot of land in good faith, paid a valuable consideration for it—a fair reasonable value for it, and took a bond for title thereto, paid the purchase-money in full without notice of any outstanding title, why she would be protected as against the deed from C. L. Cason to Ella Cason," on the grounds that plaintiffs were minors at the time said bond for title was made, that they brought their suit within seven years after they became of age, that C. L. Cason had no title to convey beyond one-ninth interest in said land; all of which this instruction ignored.

The plaintiffs except to the portion of said instruction relating to the burden of proof, on the grounds: (1) that it ignored the contention of the plaintiffs; (2) that, the plaintiffs having made out a case which entitled them to recover, the burden was on the de-

fendant to establish a title by prescription, which she wholly failed to do; (3) that said charge was error for the reason that plaintiffs in their petition alleged their ages, that there had never been any representation on the estate, that they were each severally entitled to one ninth of their mother's estate as her heirs at law, that they brought suit within seven years from their majority, and that defendant pleaded prescription; and yet the court took no notice of this in his charge, and did not present to the jury this contention of the plaintiffs. The court appended to this ground the following note: "Counsel for plaintiffs requested in writing the following charge: ' The court instructs the jury that an obligee in a recorded bond is protected to the extent of the purchase-money actually paid before notice of the rights of a grantee in a senior unrecorded deed from the obligor in the bond. The recorded bond for title does not take priority over the unrecorded deed to the extent of the entire estate purchased.'"

4. Because the court erred in charging the jury as follows: "Now, something has been said with reference to the bond for title that C. L. Cason made to Mrs. Lola O. Hunnicutt, the defendant here. (a) The court instructs you that was an individual obligation, that when he executed this bond for title that it was an individual obligation on his part, and on the payment of the purchase-money as stipulated therein the burden was upon him to execute to Mrs. Hunnicutt a good and sufficient title to this lot of land as he obligated himself to do in this bond. (b) The court instructs you, however, that where a bond for title is made to a party, and the obligor has title to the property, and the taker of the bond pays the purchase-money in full, that this makes a complete title under our law, without the execution of a deed in conformity of the bond. Now the plaintiffs here, however, insist that the bond for title carried notice to the defendant, or notice or knowledge to the defendant, of an outstanding unrecorded deed. Well, that is a question of fact where the court intimates no opinion to you as to the effect of it in that respect, but does charge you that it was an individual obligation of C. L. Cason; likewise with reference to the notes, the fact that it was made payable on its face to C. L. Cason, guardian, that was a payment to C. L. Cason; but as to what effect of not carrying notice or carrying notice is a question for you gentlemen to determine under the evidence and charge

of the court." The grounds of error assigned are: (a) that whatever obligation was upon C. L. Cason by making the bond was utterly immaterial and irrelevant, and whatever he did after making the deed to Ella Cason in no way affected plaintiffs; (b) that the charge that it was an individual undertaking on his part when he described himself as guardian in the bond, and the note being made payable to C. L. Cason as guardian, was the expression of an opinion by the court and invaded the province of the jury, and the jury should have been left to determine what notice this put upon the defendant; (c) that Cason had no right to give a bond to convey the interest of these plaintiffs who were minors at the time.

5. Because the court erred in charging the jury as follows: "Now, it is insisted that the plaintiffs who are now suing were minors at the time of the execution of this deed; and that they were under 28 years of age at the time of the bringing of the suit. The court instructs you, if they are otherwise entitled to recover in the case under the rules I have given you, and they were minors at the time of the execution of the deed which was made by C. L. Cason and others, and were under 28 years of age at the time of bringing this suit, they would be entitled to recover in the case if they are entitled to recover under the rules I have given you in charge." The errors assigned are: (a) that this charge is confusing; and (b) that the last clause is error, because the court nowhere charged the law of prescription.

6. Because the court erred in charging the jury as follows: "The defendant insists she has made improvements on the property, and says, if the plaintiffs should recover in the case, she has a right to be protected as against the improvements she had put upon this lot of land. The court gives you this rule of law: In all cases where an action has been brought for the recovery of land, the defendant who has bona fide possession of such land under adverse claim of title may set off the value of all permanent improvements bona fide placed thereon by herself or other bona fide claimant under whom she claims; and if the legal title to the land is found to be in the plaintiffs, if the value of such improvements at the time of the trial exceed the mesne profits, the jury may render a verdict in favor of the plaintiffs for the land and in favor of the defendant for the amount of the excess of the value of the improvements over the mesne profits. That is to say, if you should

reach the conclusion that these plaintiffs are entitled to recover, you would figure up and see what the rents were for these 12 years— ascertain what part of these rents the plaintiffs would be entitled to, then you would find what the improvements put upon the lot of land were worth, and ascertain what four ninths—that is, if you find in favor of the four—what four ninths of the improvements would be worth, and you would write a verdict saying: ' We, the jury, find for the plaintiffs the premises in dispute, and we find that the mesne profits or rents are ' so much, and we find that the plaintiffs are entitled to recover so much for rents, and that the defendant is entitled to recover so much for improvements.    Of course, if you find the improvements are not greater than the rents, then there would not be any verdict in favor of improvements.    If you find the rents are greater than the improvements that the plaintiff is entitled to recover, the plaintiff would be entitled to a verdict for the premises and whatever difference would be in favor of rents, deducting the improvements from the land. On the other hand, gentlemen, if the plaintiff is not entitled to recover, you will write a verdict and say: ' We the jury, find for the defendant.' "    The errors assigned are: (a) that this instruction does not comply with section 5588 of the Code, and (b) because the defendant magnified the amount of improvements and failed to present the case which was entitled to a verdict under section 5788 of the Code.

7.    Because the court erred in refusing a request to give in charge to the jury the following: "The court instructs the jury that the plaintiffs claim to hold as heirs at law of Ella Cason under deed from C. L. Cason.    Defendants exhibit in their answer a chain of title that puts the title in C. L. Cason, and the plaintiffs have put in evidence a deed from C. L. Cason to Ella Cason, which puts whatever title C. L. Cason had at the time in Ella Cason. Plaintiffs insist that Ella Cason died in 1902, and that they have shown this from the evidence.    Under the law whatever realty a party has in this State upon his death descends to his heirs.    It is admitted by the defendant that there was no administration upon the estate of Ella Cason; and such being the fact, these plaintiffs would each inherit a one-ninth of her real estate, there being eight children, and the husband being entitled to one ninth interest in the property; and stopping there, and nothing else appearing,

it would be the duty of the jury to find for each of the plaintiffs suing—there being four—a one-ninth interest in the land sued for, together with mesne profits or rents for the four years next preceding the filing of the suit up to the time of the trial."

8. Because the court erred in refusing a request to charge as follows: "The court instructs the jury that if under the instructions hereinbefore given the jury should determine that the plaintiffs are the heirs at law of Ella Cason and that they each inherited one ninth of her property, that in such a case C. L. Cason could not under the law sell or dispose of their property; and if the defendant claims under Cason, then in such case they would each have seven years to sue for the property from the time they each became 21 years of age, and prescription would not run against them in favor of the defendant until they were 21 years of age, and each one would have the right to recover as against the plea of prescription who brought suit within seven years from the time each became 21 years of age."

9. Because the court erred in refusing a request to give the following in charge: "The court instructs the jury that the defendant insists that while C. L. Cason made a deed to Ella Cason, that afterwards he made a bond for title to the defendant, that the deed to Ella Cason was not recorded, and that the contract of sale as shown by the bond for title takes precedence over the unrecorded deed. The court instructs the jury that such is not the law, but the unrecorded deed to Ella Cason from C. L. Cason would have and take precedence over the recorded bond for title."

10. Because the court erred in refusing a request to give in charge the following: "The court instructs the jury that if the jury should believe that some or all of the plaintiffs signed the deed put in evidence signed by the heirs to the defendant, and that at the time they signed it they were minors, in such case the deed would be voidable, and each one would have the right to disaffirm such signatures at any time within seven years from the time each became 21 years of age, and to do so in the bringing of the present suit."

11. Because the court erred in refusing a request to give in charge the following: "In this case the defendant stands and claims title under a bond for title with the purchase-money paid. Such a bond made by C. L. Cason after he made the deed to Ella

Cason, although recorded, and the deed to Ella Cason being un-. recorded; and upon this point the heirs of Ella Cason, if they made out their case in other respects, would be entitled to recover; but the defendant insists that she is an innocent purchaser— bought the land, as she insists, without notice of the rights and paid the purchase-money under the contract. If the jury believes these plaintiffs were minors at the time the bond for title was made by Cason to defendant, and even if they signed the deed while they were minors, still the bond would be voidable on the part of the plaintiffs, and the defendant could not set up that she was a bona fide purchaser for value against the claims of minority of the plaintiffs, if in fact they were minors at the time the bond was made or the deed to the defendant."

The court overruled the motion for new trial; and error was assigned.

*George F. Gober* and *Louis Foster,* for plaintiffs.

*Holland & McCleskey* and *Anderson & Roberts,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. The instruction of the court to the jury, to which the plaintiffs except in the first ground of their amendment to their motion for new trial, states a correct abstract principle of law. The registry of a deed, not attested, proved, or acknowledged according to law, is not constructive notice to a subsequent bona fide purchaser. *Herndon* v. *Kimball,* 7 *Ga.* 432 (50 Am. D. 406) ; *Gardner* v. *Granniss,* 57 *Ga.* 539, 557; *Williams* v. *Smith,* 128 *Ga.* 306, 314 (57 S. E. 801) ; *Donalson* v. *Thomason,* 137 *Ga.* 848 (3) (74 S. E. 762) ; Civil Code (1910), § 3320. We think this instruction was applicable under the facts of this case, and was not erroneous for any of the reasons assigned by the movants.

2. The plaintiffs except to the charge set out in the second ground of the amendment to their motion for new trial, on the ground that it ignores the case made by them; and they except to that portion of said charge which instructed the jury that the record of the deed from C. L. Cason to Ella Cason was not notice thereof to the defendant, on the grounds (1) that said deed did convey whatever title the grantor had to the grantee; (2) that the statement that it was not executed according to law might lead the jury to infer that it was invalid and of no effect; (3) that it was not a contest between two deeds, as the defendant had no deed;

and (4) that the court should have instructed the jury why it was not executed according to law, and should also have told the jury that, if this deed had but one witness, it conveyed whatever title C. L. Cason had to this land. It will thus be seen that the plaintiffs do not except to this instruction upon the ground that it does not state correct principles of law; and thus we are relieved of the necessity of determining whether it states correct abstract legal principles. It does not seem to us that the exceptions to this instruction are well taken. An instruction applicable to a theory of defense urged by the defendant necessarily, for the time being at 'least, ignores the case of the plaintiff; and this is so because of the lack of judicial capacity to embrace in a single instruction the contentions of both parties, and the principles of law applicable to such contentions. The exception to this instruction, that the statement therein that this deed was not executed according to law might lead the jury to infer that it was invalid and of no effect, is not well taken, for the reason that the court elsewhere in its charge told the jury "that this conveyance is such as that it conveyed the title to this lot out of C. L. Cason into Ella Cason." In view of this specific instruction the jury would not have been misled by the charge complained of into believing this instrument was null and void. This disposes of the fourth exception to the above portion of the charge set out in this ground of the amendment to the motion for new trial. This charge was not erroneous for the third reason assigned. It is true that it was not a contest between two deeds, as the defendant did not rely on a deed to defeat the plaintiffs; but she did rely on a bond for title, executed with the formality prescribed for the execution of a deed, with the purchase-money fully paid. Such a bond is in a sense a deed of bargain and sale. *Gleaton* v. *Wright,* 149 *Ga.* 220 (100 S. E. 72). Besides, the court did not tell the jury that the contest was between deeds.

3. The plaintiffs except to a long excerpt from the charge of the court in the third ground of the amendment to their motion. Their counsel having invoked a portion of the instructions embraced in ·this excerpt, the plaintiffs cannot except to the instructions as a whole, for the familiar reason that a party cannot except to an instruction which he invokes. *Conant* v. *Jones,* 120 *Ga.* 568 (48 S. E. 234). But plaintiffs except to specific portions of the instructions embraced in this long excerpt from the charge. They

except to that portion thereof in which the court instructed the jury that, if the defendant bought this lot in good faith, paid a reasonably valuable consideration for it, took a bond for title thereto, and paid the purchase-money in full without notice of any outstanding title, she would be protected against the deed from C. L. Cason to Ella Cason. The exception to this portion of the charge is, that it is the rule which obtains between persons sui juris, and is not applicable to minors. One who buys land for value, without knowledge or notice of a senior, unrecorded deed from the same vendor, and takes a bond for title or deed which is duly recorded, acquires a title superior to that of the vendee in such senior deed. *Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135 (60 S. E. 836) ; *Payton* v. *Payton,* 148 *Ga.* 486 (97 S. E. 69) ; *Gleaton* v. *Wright,* supra. We know of no law which makes an exception to this rule in favor of minors, and counsel for plaintiffs have not cited any authorities holding such doctrine. Besides, the senior unrecorded deed in this case was made to the mother of the plaintiffs, who claim as her heirs at law. The consequences of her failure to have her deed recorded fall upon the children.

Plaintiffs also except to that portion of the instruction embraced in this ground which deals with the burden of proof. The exceptions to this portion of the charge are fully set out in the statement of facts. These exceptions seem to be based on the idea that the defendant pleaded a prescriptive title, and that the court erred in failing to charge that these minors had seven years after their majority in which to bring suit to recover this land. The defendant does not in her answer, as we construe the same, set up prescriptive title to this land; but on the contrary asserts that she has a legal title thereto, under a chain of title from the State, through mesne conveyances, into herself. This being so, the exceptions to the above instruction on the above ground are not well taken.

4. Plaintiffs except to the instruction set out in the fourth ground of the amendment to their motion for new trial, on the grounds: (1) that that portion of it from (a) to (b) was irrelevant, on the ground that whatever C. L. Cason did after making the deed to this wife in no way affected the plaintiffs; (2) that said charge contains an expression of opinion by the court upon the evidence; and (3) that as C. L. Cason had conveyed his title to Ella Cason in 1901, he had no title to the property and had no

right to give a bond for title to convey the interests of the plaintiffs, who were minors at the time. We think the second exception to this instruction is well taken. The court instructed the jury that the bond for title from C. L. Cason to the defendant was his individual obligation; and that on the payment of the purchase-money as stipulated therein, the burden was upon him to execute to the defendant a good and sufficient title to this lot of land, as he obligated himself to do in this bond. One of the vital issues in this case is whether the defendant purchased this land from C. L. Cason in his individual capacity or in his assumed capacity of guardian for his minor children. In the body of his bond for title to the defendant it is recited that " C. L. Cason, guardian," obligates himself to make title to this land on the payment of the purchase-money thereof therein specified. This bond was signed by the defendant individually. At the same time he took from the defendant three notes for the deferred payments of the purchase-money, which were made payable to him as guardian. Ordinarily an obligation made by a person to whose name is added therein the word "guardian" is the individual undertaking of such person; and where notes are made payable to him, with this word following his name, they are due to him in his individual capacity. *Oglesby* v. *Gilmore,* 5 *Ga.* 56; *Zellner* v. *Cleveland,* 69 *Ga.* 633; *Tedder* v. *Walker,* 145 *Ga.* 768 (89 S. E. 840). The addition of the word "guardian" to the name of the obligor in a bond for title, or to the payee in notes given for the purchase-money of lands embraced in such bond, may, as between the parties, be treated as descriptio personæ, and such bond, as between the parties, will be treated as the individual obligation of the maker, and such notes will be held payable to the payee therein individually. But while this is so, where a father undertakes to sell land of his minor children, as their guardian, when he is in fact only their natural guardian, and is without authority to sell the same, his children, in an action to recover their interests in such land, can show this state of facts in order to defeat the title of his vendee. His bond for title, in the form aforesaid, and notes given by the purchaser for the purchase-money, payable as aforesaid, were competent evidence to establish the contention of the plaintiffs that their father was acting in their behalf in making the sale of this land to the defendant, and that the defendant so treated this transaction. This

being so, the instruction of the court, that this bond for title was an individual obligation of the father, withdrew from the jury the contention of the plaintiffs that he executed this instrument pretending to act as their guardian; and was tantamount to telling the jury, that the transaction resulting in the sale of this land by him to the defendant was a transaction in his individual capacity, and not in the character of his assumed position as their guardian. This instruction was an intimation or expression of opinion by the court upon the evidence, and was an invasion of the province of the jury; and requires the grant of a new trial.

5. The plaintiffs except to the charge set out in the fifth ground of the amendment to their motion for new trial, on the grounds, that it is confusing, that it does not give the jury the law of prescription, does not tell the jury that the plaintiffs would have the right within seven years after they became 21 years of age to bring their suit, and that the defendant, to make out her plea of prescription, would have to show that she bought in good faith and held the land for seven years previous to the filing of the suit, and that on her failure to do so the verdict should be for the plaintiffs. These exceptions are without merit.

6. The charge of the court upon the subject of setting off improvements was incomplete, and did not accurately apply the provisions of the Civil Code (1910), §§ 5587, 5588. In charging the jury upon the form of the verdict which the jury could render, the court failed to instruct them to embody in their findings the facts required by the latter section. *Boyett* v. *Edenfield,* 144 *Ga.* 109 (2) (86 S. E. 222).

7. The plaintiffs complain of the refusal of the court to give to the jury certain instructions which were timely requested by them. We think that the principles embraced in these instructions, so far as they were correct and pertinent, were covered by the charge of the court. For this reason we do not think that the refusal of the court to give these instructions to the jury requires the grant of a new trial.

8. As we grant a new trial in this case, we do not pass upon the evidence in the record.

*Judgment reversed. All the Justices concur.*