22078. TUCK *et al. v.* HYATT.

STEPHENS, J. 1. Where a wife gave money to her husband to be used by him in the payment of a debt incurred by him which was evidenced by his note to another person, given to cover a sum of money advanced to the husband by that person in payment of a balance due by the husband on the purchase-money of certain realty and for building materials furnished to him and used in the improvement of the realty, to secure which note the husband had given to his creditor a deed to the realty, and where the creditor knew that the money thus paid belonged to the wife, and at the time orally agreed that the wife's interest in the realty represented by the amount of money paid would be "protected," and that "she would get her money," the wife thereby acquired no interest whatsoever in the realty as a beneficiary either under an express trust, or a resulting trust, or otherwise. *Hall* v. *Edwards,* 140 *Ga.* 765 (79 S. E. 852); *Berry* v. *Brunson,* 166 *Ga.* 523 (143 S. E. 761); *Houston* v. *Farley,* 146 *Ga.* 822 (92 S. E. 635); *Stokes* v. *Clarke,* 131 *Ga.* 583 (62 S. E. 1028); *Payton* v. *Payton,* 148 *Ga.* 486 (97 S. E. 69).

2. In a suit on the note brought by the creditor against the husband, in which the creditor prayed for a special lien upon the property, and in which the wife, after having intervened and been made a party defendant, prayed for a judgment against the property and a lien thereon superior to that of the plaintiff in the amount of the money which she had paid upon the indebtedness, the court, under the undisputed evidence, properly directed a verdict against the claim of the wife and in favor of the plaintiff against the husband in the amount sued on, and for a special lien upon the property as security for the amount of the verdict.

3. Whatever right, if any, the wife may have had against the creditor to recover the amount thus paid on her husband's debt, is not enforceable by her as a party to the present action, in which she as an intervenor defendant could only protect her right, title, and interest, if there was any, in the property.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 21, 1932.

*Roberts & Roberts,* for plaintiff in error.
*I. L. Oakes, A. M. Kelly,* contra.