Wells *vs.* Smith & Company.

---

ELLA S. WELLS, plaintiff in error, *vs.* L. N. SMITH & COMPANY, defendants in error.

A married woman who has a separate estate, may engage her husband to act as her agent in the transaction of any business she may have, and if she do so, his acts as such agent stand, as to her and the world, as: do the acts of other agents.

Husband and wife.  Principal and agent.  Before Judge JAMES JOHNSON.  Muscogee Superior Court.  November Term, 1874.

An execution in favor of Smith & Company against S. T. & H. P. Wells was levied upon certain personalty as the property of H. P. Wells.  A claim thereto was interposed by his wife, Ella S. Wells.  Upon the trial of the issue thus formed the court charged the jury as follows: "That if it should appear from the testimony in this case that the claimant, Ella S. Wells, had trust property, the right to the use thereof being in her, and she permitted her husband, H. P. Wells, one of the defendants in *fi. fa.*, to have possession of her said trust money and buy property with it, the property thereby bought was his property, and subject to this *fi. fa.*, and if she wished it otherwise, she could go and buy the property herself as a *feme sole*, or give authority in writing for it to be done."

Counsel for claimant requested the court to charge as follows: "If they believe from the evidence that the claimant was a married woman, and had a separate estate, and gave to her husband money, being part of said estate, to purchase for her the property claimed, and the husband so purchased it, then the property is not subject to the plaintiff's *fi. fa.*"

The court refused thus to charge.  To the instructions given and the refusal to charge, the claimant excepted.

The jury found the property, subject.  Error is assigned upon the above grounds of exception.

B. H. CRAWFORD; W. A. LITTLE, for plaintiff in error.

G. E. THOMAS, for defendants.

McCAY, Judge.

We see no reason why a married woman who has a separate estate, may not make her husband her agent  He may make her his agent.  He may be her trustee: Code, section 1759.  We think the charge of the court was entirely too

sweeping.    Without doubt, if the wife let the husband have
her money, and he bought property with it, in his own name,
a purchaser from him, without notice, would be protected.
But a creditor, unless he gives credit on the faith of the prop-
erty, does not stand in the same situation.    No property is, or
ought to be, subject to a man's debts, unless it be his, or un-
less the true owner permits him to act as to it in such a way
as to entrap others to give credit on it, and then it is subject, not
because it is his, but by reason of the equity which arises in
favor of the purchaser or creditor, who has been allowed to
be deceived by the negligence or fraud of the true owner.
There seems to be nothing in the evidence to show that this
property is subject.    And as the jury must have acted on this
charge, erroneous as it was, there ought to be a new trial.
    Judgment reversed.