Louisa Keller, plaintiff in error, *vs.* Mayer, Straus & Baum, defendants in error.

1. When a creditor is pursuing property by levy, on the ground that it is the proceeds of his debtor's services rendered in a mercantile business conducted by the debtor, nominally as agent for his wife, the value of his services is a pertinent fact, and evidence touching the same is admissible for the creditor in a claim case between himself as plaintiff in *fi. fa.* and the debtor's wife as claimant.

2. In such a case, where the debtor's wife contends that the capital and business were exclusively her own, and that her husband was in her service, as agent, without other compensation than support and necessary expenses, the yearly cost of such support is a fact admissible in evidence in her behalf.

3. If the wife's separate estate be the only capital ever put into a mercantile business conducted by the husband in his name as her agent, and the business was commenced in good faith as hers, and has ever since been conducted, in like good faith, as hers, she is sole proprietor of the business itself, and of all goods forming part of the regular stock in trade; and the goods are not subject to levy and sale for his debts contracted prior to the commencement of the business.

Keller *vs.* Mayer, Straus & Baum.

4. Husband and wife are not permitted by the law to cover with her name his business or property, in order to protect the same against his creditors. In a contest between the wife and the creditors, any fraud or false coloring which may have been practiced or attempted, may be inquired into, and if the husband be the real owner, the creditors will prevail.

5. The husband may be his wife's agent or employee in the management of her separate estate; and if she becomes indebted to him for services, by contract, express or implied, she is subject to garnishment at the instance of his creditors.

Husband and wife. Debtor and creditor. Evidence. Principal and agent. Garnishment. Before Judge JAMES JOHNSON. Talbot Superior Court. March Term, 1875.

Reported in the opinion.

WILLIS & WILLIS, for plaintiff in error.

E. H. WORRILL, for defendants.

BLECKLEY, Judge.

Creditors of the husband levied upon goods in a store carried on by him as agent for his wife. Their judgment was rendered in 1866. The business was opened upon money borrowed by the wife from her uncle, in 1869, and had increased from a very small beginning to some thousands of dollars. The wife gave some attention to the business, hired and paid clerks, received the money at the close of each day, etc. The husband was an excellent business man, and, after reforming intemperate habits, under which he labored at first, gave his whole time and attention to it, up to the time of the levy in 1873, receiving for his services nothing but support and necessary expenses. There does not appear to have been any express contract on the subject of his compensation. He held himself out as agent for his wife, using in the business his name as such agent, and she claimed everything; he claimed nothing.

On the levy of the plaintiff's execution upon certain articles of the stock she interposed her claim, and the jury, on the trial of the claim case, found the property subject.

1. The plaintiffs sought to show that the property in the goods levied upon was in the husband, their debtor; and, as evidence on that subject, they endeavored to establish the fact that the goods were the proceeds of his labor. Upon the offer of evidence to prove the value of his services in the business, the claimant objected, and the evidence was admitted. It was properly admitted on the ground that the value of labor has some tendency to show whether what is alleged to be its product, was really so or not. On the plaintiffs' theory, the services and the goods stood to each other in the relation of cause and effect, and the value of the services certainly went to illustrate the adequacy of the alleged cause.

2. It followed as a logical sequence that the claimant had a right, on her theory, to prove the yearly cost of her husband's support. She endeavored to account for the rendition of his services by showing that he was in her employment, and that she supported him and paid his necessary expenses. What was the cost of his support as compared with the value of his services, went to illustrate the truthfulness or non-truthfulness of her position. The court erred in rejecting the evidence offered by the claimant on that subject; more especially as evidence had been admitted, at the plaintiffs' instance, of the value of his services. It was services on one side and support on the other, and how the two were related in value was a relevant question.

3. The court charged the jury that if a married woman allow her husband to use, in buying and selling goods as a merchant, money belonging to her separate estate, the goods became his property, and are subject to his debts; also, that if a man, acting as agent of his wife, by his skill and labor make property, it does not belong to the wife; that property made by the husband, by his labor and the use of money belonging to the wife, is, as to the surplus over and above her capital and interest thereon, his property, and subject to his debts. In thus charging, in view of the facts of this case, the court erred. If the husband, in buying and selling, use the wife's money for her, in her business, the goods are hers

and not his, and are not subject to his debts. If he be truly her agent he is not his own principal, and the fruits of his agency belong to her. If, on the contrary, the truth of the case be that the husband is merely using the wife's money with her consent, in his own business, she is his creditor for the principal advanced, with interest, and the stock and all accumulations are his, and the rights of his creditors attach. The principle announced in the third head-note to this opinion is deemed by the whole court to be sound law.

4. In refusing to charge, as requested, that if the property levied upon has not belonged to the defendant in *fi. fa.* since the judgment was rendered against him, it is not subject, the court below committed palpable error. A judgment binds only the property of the defendant, owned by him at or after the rendition of the judgment. The true inquiry in the present case was as to the title to the property levied upon, which title was, according to the evidence, in the defendant or in the claimant. The real problem was, which of the two was the true owner. There was no pretence that it belonged to any third person. Husband and wife are not permitted to cover with her name his business or property, in order to protect it against his creditors. Any fraud or false coloring may be exposed, and the very truth of the matter established. If the property under seizure be that of the husband, the creditors will prevail; but if it be that of the wife, who is not their debtor, nor bound to pay her husband's debts, they ought not to prevail.

5. The legal theory upon which this case seems to have been tried, we deem erroneous. In Georgia, as the law now stands, the wife is a *feme sole* in respect to her separate property, and the husband may become her agent or employee in its management. She needs no trustee to hold title or make contracts. The legal, as well as the equitable title (where the estate does not come to her united with a trust,) is in her, and she can bind it by her contracts. Even her husband, acting fairly and *bona fide*, may become her creditor for services, by contract expressed or implied, and if he be such cred-

itor, his creditors have their remedy against her by garnishment. The law will keep a close watch over the married pair to prevent frauds, but will not interdict fair dealing between them, except in the instances expressly prohibited.

The principles ruled will sufficiently dispose of exceptions in the record not specially noticed.

Judgment reversed.