18285.  JACKSON *et al. v.* FAVER.
18286.  SELMAN *et al. v.* FAVER.
18287.  FAVER *v.* SELMAN *et al.*

ARGUED JULY 14, 1953—DECIDED SEPTEMBER 15, 1953—REHEARING' DENIED SEPTEMBER 28, 1953.·

64

*Wm. G. Grant, Grant, Wiggins, Grizzard & Smith, Benj. J. Camp, Camp & Camp, N. E. Parker, Jr.,* for plaintiffs in error (Case No. 18285).

*Durwood T. Pye,* contra.

*Ralph R. Quillian,* for plaintiffs in error (Case No. 18286).

*Durwood T. Pye,* contra.

*Durwood T. Pye,* for plaintiff in error (Case No. 18287).

*Ralph R. Quillian, Benjamin Camp, Camp & Camp, Grant, Wiggins, Grizzard & Smith, W. G. Grant, Francis C. Dwyer, Dennis F. Jones, Crenshaw, Hansell, Ware & Brandon, S. H. McCalla,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) Only the 8th headnote requires elaboration. In her equitable petition filed in aid of the levy of her execution upon certain other property as that of the defendant J. D. Selman, Mrs. Faver alleged: that the restaurant and road house known as Spring Lake Inn and improvements thereon, located upon a described tract of land, worth approximately $25,000, was purchased by J. D. Selman, who paid for the same out of his own funds and caused legal title thereto to be placed in the name of his wife, Mrs. Nina Selman, for convenience—it being understood and agreed between Selman and his wife that she was to hold the legal title to said land and improvements as trustee for her husband, but that her husband was to be at all times the real and beneficial owner thereof; and that the purpose and convenience for which Selman caused legal title to said land and improvements to be placed in the name of his wife, which was known to her, was the purpose of hindering, delaying, and actually defrauding the then and subsequent creditors of J. D. Selman, and place the property

beyond the reach of his then and subsequent creditors. And Mrs. Faver prayed that it be ascertained and decreed that the Spring Lake Inn property is the property of J. D. Selman, and subject to the lien of petitioner's judgment. All these allegations were denied by the defendants, Mr. and Mrs. Selman, who alleged that this property was purchased and paid for by Mrs. Selman, and belonged to her. By his findings of fact numbered 29 through 33, the auditor found: that Selman furnished the money paid for the conveyances of the Spring Lake Inn property to his wife; that Selman was in possession of the property from the time it was conveyed to his wife until the auditor's hearing held in May, 1952, at the time the judgment was rendered for Mrs. Faver against Selman and Nix on April 10, 1950, and at the time the equitable action was filed on October 1, 1951; that this property was bought by J. D. Selman and title thereto placed in the name of his wife for convenience, and the beneficial interest in said property belongs to the defendant Selman; that the conveyances of the property to Mrs. Selman were voluntary as far as she was concerned; and that she knew at the time the property was placed in her name for convenience, and it was agreed by Mr. and Mrs. Selman, that she would hold the beneficial interest to said property for her said husband. In the 15th conclusion of law, the auditor concluded that the equitable interest in the Spring Lake Inn property, including the equipment, fixtures, and merchandise located therein, is the property of the defendant J. D. Selman and subject to the lien of Mrs. Faver's judgment rendered April 10, 1950. To these findings of fact and to the conclusions of law Mr. and Mrs. Selman filed their exceptions, which were overruled by the trial judge, and to this judgment they except.

Mrs. Faver, the plaintiff, having made these allegations and sought relief based thereon, the burden was upon her to establish the facts alleged. Code § 38-103; *Taintor* v. *Rogers,* 197 *Ga.* 872, 874 (3b) (30 S. E. 2d 892). While there are conflicts in the testimony of Mr. and Mrs. Selman as to the source from which she obtained the loan of a portion of the money with which to make the initial $8,000 payment on the purchase price, and while the auditor was authorized to find from the evidence that Selman had repaid $4,000 of the loan obtained, had negotiated

a renewal of the balance of the purchase price due and an additional loan of $2,000 which he proposed to use for his own purpose, his wife executing the note and security deed therefor, but which sum the evidence discloses was later used by the wife in the purchase of an automobile, and while Selman did execute an easement over the property to the Georgia Power Company, in which it was recited that he was the owner of the property, and while Mrs. Selman in her testimony did state that the first deed ever issued to "us" was in "my name," and that named persons were operating the property "when we bought it—when I bought it," and J. D. Selman, in answer to the question, "Mr. Selman, do you operate Spring Lake Inn?", answered "My wife and myself together, we own it"—the evidence further discloses that title to this property into Mrs. Selman did not come from her husband, but from third parties to her and one Cochran on March 1, 1946, and by deed from Cochran to her of an undivided one-half interest on April 26, 1946, long before the alleged tort which furnished the basis of the judgment now sought to be enforced against the property, the tort action against Selman and Nix not having been filed until November, 1949. Both Mr. and Mrs. Selman testified positively and unequivocally that she bought and paid for the property, and that it belonged to her; that she operated it for the first six months after it was purchased by her, after which time she rented it to her husband at a monthly rental of $200, which he has since paid regularly to her, and that she has since that time paid to a named bank the monthly instalments due on the balance of the purchase price from this monthly rental, paid the taxes thereon, returned it in her name for taxes, and there is no evidence whatever to support the findings of the auditor that at the time title was taken in her name, approximately four years prior to the rendition of the judgment now sought to be enforced against this property, there was any agreement or understanding between them that she was to hold the legal title for the convenience of her husband, and that he was to have the beneficial interest therein.

While it is true, as held in *Keller* v. *Mayer, Straus & Baum*, 55 *Ga.* 406 (4): "Husband and wife are not permitted by the law to cover with her name his business or property, in order to protect the same against his creditors. In a contest between the

wife and the creditors, any fraud or false coloring which may have been practiced or attempted, may be inquired into, and if the husband be the real owner, the creditors will prevail"—it is also true, as pointed out in the 5th headnote of that case, "The husband may be his wife's agent or employee in the management of her separate estate." To the same effect, see *Wells* v. *L. N. Smith & Co.*, 54 *Ga.* 262. The husband may likewise be the tenant of his wife as to her separate estate. *May* v. *Leverette*, 164 *Ga.* 552 (139 S. E. 31). The fact that some time after title to the property was placed in Mrs. Selman, her husband repaid the loan obtained by Mrs. Selman from her father with which to make a part of the down payment on the property, does not operate to make her the trustee of her husband, and vest in him the beneficial interest in the property. "A resulting trust which arises solely from the payment of the purchase price is not created, unless the purchase money is paid either before or at the time of the purchase." *Hall* v. *Edwards*, 140 *Ga.* 765 (3) (79 S. E. 852). See also *Loggins* v. *Daves*, 201 *Ga.* 628 (40 S. E. 2d 520); *Williams* v. *Porter*, 202 *Ga.* 113 (42 S. E. 2d 475); *Price* v. *Price*, 205 *Ga.* 623 (54 S. E. 2d 578).

While, as above stated, there was some conflict between the testimony of the husband and wife in the respects hereinbefore pointed out, the evidence failed to sustain the allegations of the plaintiff's petition, and was insufficient to authorize the findings of fact and conclusion of law here excepted to, and the trial judge erred in overruling the exceptions thereto.

The other exception filed by Selman, Mrs. Selman, and Nix is without merit.

*Judgment reversed in case No. 18285; judgment reversed in case No. 18286; judgment affirmed in case No. 18287. All the Justices concur except Atkinson, P.J., not participating.*