18525.  SELMAN *et al. v.* FAVER.
18526.  JACKSON *et al. v.* FAVER.

Argued March 9, 1954—Decided April 13, 1954—
Rehearing denied May 13, 1954.

618

Ralph R. Quillian (Case No. 18525), Ben J. Camp, Camp & Camp, Wm. G. Grant, Grant, Wiggins, Grizzard & Smith (Case No. 18526), for plaintiffs in error.

Durwood T. Pye, contra.

SUTTON, Justice. The decision in *Jackson* v. *Faver*, and *Selman* v. *Faver*, 210 *Ga*. 58 (77 S. E. 2d 728), held among other things that, the auditor having found that neither Jackson nor his attorneys had any actual knowledge of the existence of the judgment rendered against Selman at the time he acquired title to the Joylan Park lots, his conclusions of law "that Jackson was charged with actual notice of the existence of the judgment against Selman, and was not, as to these lots, a bona fide purchaser without notice, were erroneous, and the trial judge erred in overruling the exceptions thereto, and in entering judgment against Jackson"; and that "the trial judge erred, for the reasons pointed out in the opinion, in overruling the exceptions of J. D. Selman and Mrs. Nina Selman to the auditor's findings of facts Nos. 29 through 33, and to the auditor's conclusion of law No. 15."

Code § 10-305 provides that the judge may recommit the report of the auditor for reasons there mentioned, or other proper cause, and this may be done for a hearing de novo. In *Bourquin* v. *Bourquin*, 110 *Ga*. 440 (35 S. E. 710), a plaintiff sued for two distinct parcels of realty in the same action. The jury returned a verdict in his favor as to one tract and in favor of the defendant as to the other tract. Each party filed a motion for new trial; and upon the denial of his motion sued out a bill of exceptions to the Supreme Court, each contending that the jury should have found in his favor as to both of the parcels in dispute. It was there held: "5. Irrespective of the special questions presented in the motion for a new trial filed by the plaintiff below, the court erred in not setting the verdict aside on the ground that the evidence demanded a finding in the plaintiff's favor as

to the tract of land described in the petition, for which there was a finding in favor of the defendant. 6. When a plaintiff sues for two distinct parcels of realty in the same action, and there is a verdict in his favor as to one and in favor of the defendant as to the other, a general grant of a new trial at the instance of either party reopens the entire case for investigation."

In *Laramore* v. *Jones*, 157 *Ga.* 366, 370 (121 S. E. 411), which case had been referred to an auditor and in which exceptions of both law and fact to his report had been overruled by the trial judge, this court ruled: "But, as we have seen above, the defendant excepted to the overruling of his exceptions of law and fact and to the entire final decree in the case, and brought the case to this court for review. This court reversed the judgment of the lower court. It was a general judgment of reversal, based on certain specific errors pointed out by this court. The language in the concluding paragraph of the decision of this court, which is set out above, cannot be construed to mean that this court affirmed all findings other than those with which it specifically dealt. Specific rulings made by this court on exceptions to the report of the auditor became the law of the case, which would bind all the parties thereto. Certainly the judgment of the lower court, overruling certain exceptions to the findings of fact by the auditor, which was excepted to, was not such a final and conclusive judgment as would prevent the auditor from again hearing evidence to establish such facts, and from reporting his findings thereon. *Mathewson* v. *Reed*, 149 *Ga.* 217 (3) (99 S. E. 854)"; and (on p. 371) ruled: "The judgment of reversal by this court was a general judgment, based upon specific errors pointed out by this court. . . In the absence of direction by this court, so confining the new hearing before the auditor, the reversal of the judgment of the court below was the grant of a de novo investigation before the auditor upon the facts. The rulings upon the law by this court became final and conclusive. The effect of the judgment of this court was to vacate the erroneous judgment of the court below, and the legal consequence was the grant of a hearing de novo before the auditor upon the issues of fact involved, and on all questions of law not settled by the decision of this court." In this connection, see *United States Fidelity &c. Co.* v. *Clarke*, 187 *Ga.*

774 (2 S. E. 2d 608); *Lankford* v. *Holton,* 187 *Ga.* 94 (200 S. E. 243); *Holton* v. *Lankford,* 189 *Ga.* 506 (6 S. E. 2d 304); *Burgess* v. *Simmons,* 207 *Ga.* 291 (61 S. E. 2d 410); *Burgess* v. *Simmons,* 208 *Ga.* 672 (1) (68 S. E. 2d 902).

The recent case of *American Associated Cos.* v. *Vaughan,* 210 *Ga.* 141 (78 S. E. 2d 43), was one where the judgment of the trial court overruling certain exceptions of law and fact to an auditor's report had been reversed by the appellate court without direction; and it was there held that the effect of such reversal was to vacate and set aside all of the findings of fact and law contained in the auditor's report, and that it was error for the trial judge to enter a final judgment and decree in favor of the plaintiff without a new hearing. The decision in that case cites and deals with numerous cases involving questions and principles similar to the ones here involved, and we think that the principles there ruled are applicable to the issues involved in the present case.

We have examined the cases cited and relied on by counsel for the plaintiffs in error, such as *Brinson* v. *Wessolowsky,* 57 *Ga.* 142; *Wade* v. *Peacock,* 121 *Ga.* 816 (49 S. E. 826); *Wiley* v. *City of Sparta,* 154 *Ga.* 1 (114 S. E. 45, 25 A. L. R. 1342); *Owen* v. *S. P. Richards Paper Co.,* 188 *Ga.* 258 (3 S. E. 2d 660); and those cases are distinguishable from the present cases on their facts and in that they did not involve any question as to the effect of a previous general reversal without direction.

Accordingly, we hold that the effect of the decision and judgment of this court in *Jackson* v. *Faver,* and *Selman* v. *Faver,* 210 *Ga.* 58 (77 S. E. 2d 728), reversing the judgment of the trial judge in overruling certain exceptions of law and fact in said cases was to vacate the erroneous judgment of the trial court and to grant a hearing de novo before the auditor upon the issues of fact involved in said cases, and on all questions of law not settled by the decision of this court; and the trial court did not err in overruling the aforesaid motions of the plaintiffs in error for final judgments, decreeing the title to certain specified property in case number 18525 to be in Mrs. Selman and the title to certain described property in case number 18526 to be in W. B. Jackson, and in recommitting the cases to the auditor for a new hearing and trial de novo, as per said order,

which is construed by this court to refer only to the two cases reversed, that is, numbers **18285** and **18286**.

*Judgments affirmed in cases Nos. 18525 and 18526. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent upon the ground that, on the previous appearance of this case in this court, *Jackson* v. *Faver*, 210 *Ga.* 58 (77 S. E. 2d 728), it was ruled that the trial judge committed error in overruling the exceptions of law, one of which was by the auditor called an exception of fact, and that ruling demanded a judgment in favor of Jackson. I am authorized to state that Mr. Justice Candler concurs in this dissent.