## 27125.   BROCK v. GERLACH et al.

GUNTER, Justice. This case involves the ownership, or the percentage of ownership of each of the parties, in a tract of land. The jury found that Mrs. Brock, the appellant, owned an approximate one-fifth (1/5) undivided interest in the land and that Mrs. Gerlach as executrix, appellee, owned an approximate four-fifths (4/5) undivided interest in the land.

Mrs. Brock contended that she purchased the tract of land in October of 1964 for the sum of $16,500, paid one-fifth of the purchase price at closing, and the remainder of the purchase price was to be paid in four equal annual instalments plus interest. The seller conveyed title by deed to F. H. Gerlach, F. H. Gerlach signed a note for the unpaid balance, and F. H. Gerlach executed and delivered to the seller a security deed securing the note. Mrs. Brock contended that F. H. Gerlach was acting as her agent in the transaction, her money was used to make the initial down payment, that although the title to the land was taken in the name of F. H. Gerlach as an individual he was actually a trustee for her, and that these facts created an implied or constructive trust in her favor as owner of the land.

F. H. Gerlach died on April 4, 1965. Mrs. Gerlach was appointed executrix of his estate on July 7, 1965. During the period of time between F. H. Gerlach's death and September 10, 1965, Mrs. Gerlach was advised of the above-related facts concerning the purchase of the land. She was requested to execute a quitclaim deed or a warranty deed to Mrs. Brock with Mrs. Brock to assume the outstanding balance due on the note. Mrs. Gerlach declined to execute a deed to Mrs. Brock, and on September 10, 1965, Mrs. Brock filed a claim in the court of ordinary in the matter of the estate of F. H. Gerlach. This claim essentially set forth the above-related facts and prayed that the executrix be required to disclaim all right, title, and interest in the land in behalf of the deceased.

Mrs. Brock attempted to pay the second instalment on the purchase price when it became due in October of 1965, but the holder of the note and security deed refused to accept payment from her and looked instead to the estate of the deceased for payment. Mrs. Gerlach then paid the four succeeding annual instalments as they became due.

After 1965 Mrs. Brock made no effort to pay the instalments as they came due or to compel Mrs. Gerlach to recognize her claim until the year 1969 when Hall County brought a condemnation action against a portion of the land for road purposes.

Mrs. Gerlach and Mrs. Brock were both parties to the condemnation action, each claimed the condemnation money paid into court, and by agreement of the parties the claim of Mrs. Brock filed in the court of ordinary was consolidated with the claim to the condemnation money pending in the superior court. By agreement their respective rights to the condemnation money and the remaining land not taken were to be determined in the pending action.

After trial the jury rendered a verdict stating that Mrs. Brock was entitled to that part of the condemnation money and that part of the remaining land in proportion to the amount of her funds that had been paid on the total purchase price, approximately one-fifth, and that Mrs. Gerlach was entitled to that part of the condemnation money and that part of the remaining land in proportion to the amount of the purchase price that she had paid, approximately four-fifths. Judgment was entered on this verdict.

Mrs. Brock has appealed and has enumerated six errors allegedly committed in the trial court.

The first, third and sixth enumerated errors have to do with the denial of her motion for summary judgment, the denial of her motion for a directed verdict, and the denial of her motion for a judgment notwithstanding the verdict. These three contentions are without merit. We have reviewed the record very carefully, and we are of

the opinion, as was the trial judge, that issues of fact were presented for determination by a jury.

Enumerated error No. 2 complains of the refusal of the trial court to permit Mrs. Brock's secretary to testify as to alleged statements made by F. H. Gerlach prior to his death disclaiming any interest in the subject land. Our "Dead Man's Statute" (*Code* § 38-1603 (5)) provides that an agent of the surviving party to a transaction shall not be allowed to testify in favor of the surviving party when the surviving party is the agent's principal and a party to the action. Mrs. Brock would have been prohibited by this statute from testifying concerning statements made by the deceased to her about the transaction, and Mrs. Brock's secretary-agent likewise could not testify as to such statements made by the deceased concerning the transaction. The record shows that the witness was Mrs. Brock's personal secretary, and that the witness was clearly involved in the land transaction in Mrs. Brock's behalf. This being so, her mouth was as effectively closed by the statute as was Mrs. Brock's concerning statements made to her by the deceased about the land transaction.

The fourth enumerated error complains of a portion of the court's charge to the jury, as follows: "In cases of trusts implied from the payment of part of the purchase money at the time of the execution of the deed or conveyance, where the full amount of the purchase money is not subsequently paid, or the person for whose benefit the trust was created does not offer to pay the full amount of the purchase money, in such cases of implied trust, the recovery must be in proportion to the total amount of the purchase money—purchase money by the one seeking to establish the trust. Now if you find from a preponderance of the evidence in this case that Mrs. Brock paid part of the purchase price of the property in question, but did not pay, or offer to pay, all of the purchase price of the property, the law will imply trust in her favor only in proportion to the amount of purchase price paid by her, or offered to be paid by her in accordance with the contract to pur-

chase, and the intention of the parties."

Mrs. Brock's contention here is that the quoted charge was not authorized, the record showing clearly that Mrs. Brock paid the initial down payment on the purchase price of the land, and that Mrs. Gerlach as an individual and not as executrix of the estate of the deceased paid the other four purchase-money instalments in 1965, 1966, 1967, and 1968.

We do not see that it makes any difference whether Mrs. Gerlach paid these four instalment payments as an individual or as executrix.

In V, Scott on Trusts, 3379, § 454.1 (3d Ed. 1967) we find the following: "Where a person pays only a part of the purchase price, he is not entitled to enforce a resulting trust as to the entire interest even though it was orally agreed that he should have the entire interest. [At this point the author cites the Georgia case of *Loggins v. Daves,* 201 Ga. 628 (40 SE2d 520) (1946)]. The oral agreement can not be enforced because of the statute of frauds, and a resulting trust will not be imposed as to the entire interest when he paid only a part of the purchase price. There is no reason, however, why he should not be entitled to a fractional interest proportional to his contribution."

As we see it, the complained of charge was adjusted to the evidence in the case, and it was not erroneous.

The fifth enumerated error complains of a part of the "suggested form verdict" submitted to the jury by the trial court.

The "suggested form verdict" submitted was as follows: *Jury Verdict.* (Select One). 1. We find that Francis H. Gerlach purchased the property for Mrs. Sarah T. Brock, and that Mrs. Brock paid or offered to pay, as required by the purchase contract, all of the purchase price; and that after reimbursement to the Gerlach estate of all sums it has invested in the property, Mrs. Brock should have all of the property in its entirety. *or* 2. We find that each of the two parties should have that part of the

property that is proportionate to that party's investment in the property. *or* 3. We find that Francis H. Gerlach purchased the property for himself, and that after reimbursement to Mrs. Sarah T. Brock of all sums she has invested in the property, Mrs. Virginia M. Gerlach, as executrix of the estate of Francis H. Gerlach, should have all of the property in its entirety. (The jury should strike out the *two* statements above with which the jury does *not* agree, leaving the statement with which the jury *does* agree.)

In submitting this "suggested form verdict" the trial judge charged the jury that they were not bound to use the "suggested form. verdict" but could write their own verdict if they liked; he also charged the jury that the three alternatives included in the "suggested form verdict" were "not listed in any particular order, or the order in which they are listed does not reflect in any way the court's view as to the import or the likelihood of either of the possible alternative verdicts."

Mrs. Brock complains here that alternate No. 2 should not have been submitted to the jury for the same reasons that the charge complained of above should not have been given to the jury. As the charge was not error, submitting alternate 2 in the proposed verdict to the jury was likewise not error.

The errors complained of here are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 10, 1972—DECIDED JUNE 28, 1972.

*Reed & Dunn, Robert J. Reed, R. Elliott Dunn,* for appellant.

*Telford, Stewart & Stephens, Joe K. Telford,* for appellees.