## 30292. ROGERS v. ROGERS.

NICHOLS, Chief Justice.

Martha W. Rogers filed an equitable petition to establish ownership to certain real property against W. D. Rogers, her former father-in-law.

The evidence authorized a finding that in 1969 Martha Rogers and her then husband J. D. Rogers negotiated for the purchase of the property in question. The seller wanted $5,000 for his equity in the property. The buyer was to assume the outstanding loan on the property. In order to raise the $5,000, it was necessary to borrow $2,000 from her husband's father, the defendant, who insisted that the record title be placed in his name until the loan was repaid. The remaining $3,000 was paid by J. D. Rogers furnishing moving services valued at $2,000 to the seller and $1,000 cash from Martha Rogers' separate funds. Later her husband informed his wife that the loan had been repaid and that the deed had been changed to their names. They have made all the payments to date on the loan, have maintained insurance on the property and have claimed the interest payments as deductions on their income tax returns. J. D. and Martha Rogers were divorced in 1973 and she was awarded the property in the divorce decree. Her former husband was required to make all payments on the oustanding loan until it was paid off.

W. D. Rogers contends that he bought the property for himself, that he paid $4,000 of the purchase money, that the remaining $1,000 paid by Martha Rogers was a voluntary payment on her part, that he allowed his son to live there if he would make the loan payments, provide

insurance and pay the taxes. All such payments were to be considered as rent.

The jury found that there was an implied trust in favor of Martha Rogers and awarded her the property. W. D. Rogers now appeals enumerating error on the court's failure to give three requested charges.

1. Defendant's third request to charge deals with the proportionment of the interest of the parties in accord with the amount paid by each as set forth in *Loggins v. Daves,* 201 Ga. 628 (5) (40 SE2d 520) (1946). It is apparent from the pleadings and all of the evidence presented that neither party claimed a joint interest in the property. The former daughter-in-law based her claim on (1) having paid $1,000 cash; (2) her husband having furnished services to seller valued at $2,000; (3) the repayment of the $2,000 loan from the father-in-law; and (4) she and her former husband having made all the subsequent loan payments. The father-in-law claimed he paid $4,000, that the $1,000 paid by his daughter-in-law was voluntary and that the subsequent loan payments were considered as rent. Since each party claimed a 100 percent interest in the subject property under the evidence presented, it was not error for the trial judge to fail to give the requested charge.

2. Defendant's first request to charge, which dealt with the legal liability on the oustanding loan on the property at the time the deed was made to him, is not in issue here. This was an action to establish title to the property and not an action on the debt by the holder of the loan deed. Regardless of who was grantee in the deed (subject to the oustanding loan), it would have no bearing on the equitable interest of the parties in this action. It was not error to fail to give this charge.

3. Defendant's second request to charge dealt with the effect of the divorce decree between Martha and J. D. Rogers on the rights of the parties to this litigation. The plaintiff made no claim that the divorce decree gave her any rights as to this defendant, but that by virtue of the decree she acquired the equitable interest of her former husband and was thereby vested with a 100 percent equitable title. The charge requested was argumentative and not adjusted to the evidence in this case. It was not

error for the trial court to fail to give this request to charge.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED OCTOBER 21, 1975.

*Langford, Pope & Bailey, William P. Bailey,* for appellant.

*Neely, Freeman & Hawkins, J. R. Cullens, William T. Elsey,* for appellee.