40659. FAWCETT v. FAWCETT CONTRACTING, INC. et al.

MARSHALL, Presiding Justice.

Fawcett Contracting, Inc., through its president Larry Fawcett, filed this complaint in 1982 against J. Bradley Fawcett (Larry's brother), alleging, among other things: that certain real property was purchased by the plaintiff corporation in 1979 but placed in the name of the defendant; that the defendant was to hold such property in trust for the benefit of the plaintiff; that the plaintiff corporation

paid the purchase price for the property and has made all mortgage and insurance payments thereon, as well as payments for repairs and improvements to the property; and that the defendant should be declared to hold the subject property in trust for the plaintiff's benefit.

The jury returned a verdict in favor of the plaintiff. The defendant appeals, arguing that the trial judge erred in denying his motion for directed verdict and motion for judgment notwithstanding the verdict in that the evidence is insufficient to support the verdict. Specifically, the defendant argues that there is no evidence that the plaintiff corporation, as opposed to Larry Fawcett in his individual capacity, paid any portion of the purchase price for the property. We disagree.

As argued by the plaintiff, checks drawn on the corporation and issued to the first and second mortgage holders were introduced in evidence. The evidence also authorized the jury in finding that sums paid by Larry Fawcett as the down payment on the property were on behalf of the corporation. In addition, the evidence fails to show that the defendant paid any money whatsoever toward purchase or maintenance of the property. This evidence was sufficient to establish an implied trust. See *Loggins v. Daves,* 201 Ga. 628 (40 SE2d 520) (1946).

Lastly, the plaintiff has filed a motion to be awarded ten percent damages under OCGA § 5-6-6 (Code Ann. § 6-1801) on the ground that this is a frivolous appeal. However, even assuming for the purposes of argument that it could be said that this is a frivolous appeal taken for delay only, the judgment is not for a sum certain. Therefore, the motion must be denied. *Shepherd v. Epps,* 242 Ga. 322 (2) (249 SE2d 33) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 6, 1984.

*Hinkle, Notte & Bianco, David A. Powell,* for appellant.
*Boyce, Thompson & O'Brien, Peter F. Boyce,* for appellees.